LYMAN PLUMMER *et al.*, Plaintiffs in Error, *v.* THE PEOPLE.

ERROR TO BUREAU.

Sureties upon a recognizance cannot plead the duress of their principal, in discharge of their liability.

If a party is committed in this State for a larceny committed in another, and the justice who committed him, afterwards, in the absence of the accused, and without proof, makes a second mittimus for an offense committed in this State, he may successfully plead duress, and will be discharged.

THIS case was on a *scire facias*, on a recognizance executed by Seymour Plummer, as principal, and the other two as sureties, taken by two justices, to release the body of Seymour Plummer from imprisonment in the county jail. It was conditioned for his appearance before the Circuit Court of said county, to answer to an indictment to be preferred against him for the crime of larceny. The defendants not appearing, there was a forfeiture of the recognizance. The *scire facias* was demurred to and amended, and then Horace Plummer and Edgar Plummer plead, 1st. " *Nul tiel* record." 2nd. That at the time the recognizance was given, Seymour Plummer was unlawfully imprisoned in the county jail of Bureau county, on a pretended charge of larceny, alleged to have been committed by him in *Muscatine county*, *Iowa*, and was so detained in imprisonment until the defendants were compelled to give the recognizance, to procure his release from such unlawful imprisonment, and for no other consideration. 3rd. That Seymour Plummer was brought before H. B. Smith, a justice of the peace of said county, charged with having committed larceny in *Muscatine county*, *Iowa*, and found guilty, and for want of sureties was committed to the said jail, and in the commitment the justice stated the offense as aforesaid, and Seymour Plummer was detained in prison twenty-four hours under such commitment,

when the sheriff and jailor, having become apprehensive that the mittimus was bad, made out a new one, stating the offense to have been committed in Bureau county aforesaid, and obtained the said justice's signature to the same, in the absence of, and without notice to, Seymour Plummer, and while he was so confined in jail, there being no complaint of the kind before said justice, and had not been, and no witness examined, and then the old warrant of commitment was destroyed, and the sheriff and jailor professed to hold him under the new mittimus, and to release him from such unlawful imprisonment, and for no other consideration was the recognizance given.

The People took issue upon the first plea, by replying that there was such a record, and demurred generally to the second and third pleas, which demurrer was sustained by the court, and the defendants stood upon their pleas. Seymour Plummer then plead, 1st. *Nul tiel* record, on which was found an issue of fact. 2nd. That said recognizance was obtained by duress and force of such unlawful imprisonment, and for no other consideration. 3rd. That Seymour Plummer was unlawfully imprisoned on a charge of larceny, charged to have been committed in Muscatine county, Iowa, and they gave the recognizance to procure his release, and for no other cause. People demurred generally to the second and third pleas, which demurrer was sustained. The case was then submitted to the court, LELAND, Judge, presiding, at March term, 1855, upon the issue of *nul tiel* record, and found for the people, and execution was awarded against all the defendants.

It is assigned for error that the court erred in sustaining the aforesaid demurrers, and erred in finding the issue for the People, and that the record shows no cause of action.

M. T. PETERS, for Plaintiffs in Error.

W. H. L. WALLACE, for The People.

CATON, J. This is a *scire facias*, upon a forfeited recognizance against the principal and sureties. The sureties first pleaded that the recognizance was extorted from them by the illegal imprisonment of the principal, setting forth the facts constituting the illegality of the imprisonment of the principal. We think the demurrer to these pleas of duress by the sureties, was properly sustained. Is seems to be a well-settled principle of law, that sureties cannot plead the duress of the principal. Although the principal may have been constrained to execute the recognizance by means of the duress, yet the sureties were under no such restraint. They signed it freely and voluntarily.

They were at perfect liberty to execute it or not, as they pleased. Had they neglected to do it, there is no pretense that they were in danger of suffering. As to them, the party imprisoned was a stranger. In 3rd Bacon's Abridgment, *Title* Duress, Let. B., it is said: " The duress that will avoid a deed, must be done to the party himself; therefore, if A and B enter into an obligation by reason of duress done to A, B shall not avoid this obligation, though A may, because he shall not avoid it by duress to a stranger." The text is fully sustained by the authorities referred to. The exceptions to the general rule are where the relation of father and son exists between the principal and surety, and where the husband executes a deed by duress to the wife. In such cases the relation between the parties is so intimate, that the constraint upon one is supposed to operate with equal force upon the other. They are not, in contemplation of law, strangers to each other. As a modern recognition of the general rule, I may refer to the case of *Mc Clintic* v. *Cummins*, 1 McLean, 158. Upon that demurrer the decision of the circuit court is supported by authority, and must be affirmed.

The principal then appeared by his attorney, and for the purpose of avoiding the recognizance as to himself, also filed a plea of duress. This plea shows that the party was arrested, and taken before a magistrate of Bureau county, on a charge of having committed a larceny in the State of Iowa; that upon the hearing, the justice found him guilty of the crime there, and required him to give bail to appear and answer the charge to the Bureau circuit court, and in default of bail, committed him to the common jail of Bureau county, and stated in the mittimus, that the crime was committed in the State of Iowa; that after he had been in jail some days, the sheriff discovered that the mittimus was illegal, by reason that the offense was alleged to have been committed in another State, and took it back to the justice, who, *ex parte*, and without any further hearing, made out a new mittimus, in which he recited that the offense was committed in Bureau county. After which the sheriff claimed to hold him in custody under the second mittimus; and that while so held, and by reason of such duress, and for the purpose of discharging himself from such imprisonment, he executed the recognizance, and for no other cause.

This plea shows an irregularity, to say the least, in the proceedings of the magistrate and sheriff, which would have entitled him to his discharge on *habeas corpus*, and we think should enable him to insist upon the duress to discharge him from the obligation which he entered into, in order to procure his release. No doubt a case was proved before the magistrate, which would have justified the commitment of the prisoner as a fugitive from

justice, under the fourth section of the forty-fifth chapter of the Revised Statutes, but the proceeding does not appear to have been in conformity to that statute. If the first mittimus had been retained, and the prisoner held under it at the time the recognizance was taken, it is not clear that the proceedings could not have been sustained. But such was not the case. A new mittimus was made out, not conformable to the charge made or the facts proved, and when the prisoner was not before the magistrate, and when no proceedings were pending before him to justify him in issuing it, and it was under this writ the prisoner was held, when the recognizance was taken. We must hold the imprisonment illegal, and as such, available to the principal on a plea of duress.

I do not hold that the same facts might not also have been made available by the sureties, at the proper time, and in a proper form of plea, but they cannot avail themselves of them by a plea of duress of their principal.

The judgment must be reversed as to the principal, and affirmed as to the sureties.

SKINNER, J., did not hear the argument or take part in the decision of this cause.