## THE STATE OF IOWA *v.* GORLEY and CLOUD.

Chapter 198 of the Code, which requires the prosecuting attorney to sue out a *scire facias* against the bail, where default has been made in criminal cases, even if applicable to recognizances before justices (which may well be doubted), does not negative or preclude the right to proceed by action on the bond.

The remedy by action on the recognizance, in the nature of an action of debt, is not taken away by chapter 198 of the Code.

Where, in a criminal proceeding before a justice, the justice entered on his docket the failure of the defendant to appear; *Held,* That in an action on the recognizance against the bail, the docket of the justice, or a transcript therefrom, must be taken as verity, and cannot be contradicted, by showing that the defendant did appear.

Where, in an action on a recognizance against the bail, a transcript from a justice of the peace was offered in evidence, which contained an entry as follows: " February 6th, 1854, the day and time set for examination, the defendant, John R. Gorley, did not appear ; it was therefore considered, that the bond was forfeited by said Gorley, and D. C. Cloud, security for said Gorley, stands bound to the state of Iowa, on said bond. Thomas Carroll, Justice of the Peace ;" *Held,* That the justice's docket did not show such a default on the part of Gorley, as fixed the defendant's liability on the recognizance.

The defendant in a criminal case, is not required to appear until he is called, or his presence demanded by the court ; and a default cannot properly be entered against him until he is called.

While a compliance with any technical form in the entry of defaults in criminal cases before justices of the peace, should not be required, the record should show that in some method, the defendant had an opportunity to know that his presence was demanded and required.

### *Appeal from the Muscatine District Court.*

GORLEY was brought before a justice of the peace, to answer the charge of having conveyed and assigned his goods, with intent to hinder, delay and defraud his credit-

ors, in violation of section 2745 of the Code. This was on the 4th February, 1854, and at the request of defendant, the examination was adjourned to the 6th of the same month, at 9 o'clock, A. M. In accordance with the requirement of the magistrate, the defendant, with Cloud, as his surety, entered into bond in the penalty of four hundred dollars, conditioned for his appearance at the time fixed by the adjournment, before the justice, and then and there answer the accusation so preferred against him. The state, claiming that said bond had been forfeited by the non-appearance of the accused, commenced this suit, by petition and notice in the usual form, claiming the amount of the penalty of said bond. To the petition, the defendant demurred, for the reason, that the proceeding should have been by *scire facias*, under the 198th chapter of the Code, and not by an action of debt. This demurrer was overruled.

The defendant admitted the execution of the bond, and set up several grounds of defence, in the nature of pleas in avoidance, or as causes why the said recognizance should not be estreated. To the answer, the state demurred, which was overruled. On the trial before the court, without a jury, as appears from the bill of exceptions, the only testimony offered was as follows:—The magistrate before whom the proceeding originated, was sworn, and produced his docket and the entries made therein in said proceeding. A part of the entry so made, was in words and figures as follows:—" February 6th, 1854, the day and time set for examination, the defendant, John A. Gorley, did not appear, it was therefore considered, that [the state of Iowa recover of David C. Cloud, security for the defendant, John R. Gorley, the sum of four hundred dollars, and that] the bond was forfeited by said Gorley, and D. C. Cloud, security for said Gorley, stands bound to the state of Iowa on said bond. Thomas Carroll, Justice of the Peace." The magistrate also testified, that so much of the foregoing entry as is included in brackets, was by him erased as many as two days after the said 6th of February, and that the portion following that so included, was made at the time of said erasures; that on

the said day fixed for trial, no person appeared for the defendant or for the state; that no forfeiture was taken by calling the defendant then, or at any other time, than as appeared on the docket entry. Defendants proved that on the day set for trial, they were present at the office of the justice, by their attorney, ready to respond to any accusation that might be brought against said Gorley; that no appearance on the part of the state was made at the time set for trial, and no forfeiture claimed or taken on said day. It also appeared, that at the May term, 1854, of the District Court, the papers in the case of the *State* v. *Gorley*, were by the justice, sent up to said court, and on motion of defendants, dismissed, for the reason that there was nothing before the court upon which to act. Upon this proof, the court found for the state, and rendered judgment against Cloud (who alone had been served), for the amount of the penalty of the bond. The defendants now appeal, and assign for error, the rulings of the court below.

*Jacob Butler* and *J. Scott Richman*, for the appellants.

*Thayer & Carskadden*, for the state.

WRIGHT, C. J.—It is claimed that the court below erred, in overruling defendants' demurrer, and in rendering judgment for the state on the evidence above recited. We think the demurrer was correctly overruled. Chapter 198 of the Code, requiring the prosecuting attorney to sue out a *scire facias*, where default has been made, even if applicable to recognizances before justices, which may well be doubted, does not negative or preclude the right to proceed by action on the bond. This proceeding, under the old practice, would be technically an action of debt, and there can be no question but what at common law such recognizances might be enforced in such an action. The usual course, it is true, is to proceed by *scire facias*, and that is the one which is primarily contemplated by the Code, but it is not the only one. This same question arose in the case of *Commonwealth* v. *Green*,

12 Mass. 1, and it was there held, that debt would lie upon a recognizance to the state, as well as *scire facias*. See, also, *The People* v. *Kane*, 4 Denio, 531; *State* v. *Inman*, 7 Blackf. 225.

By our practice, bail is put in by a written undertaking, executed by one or more sufficient sureties, and acknowledged before the court or magistrate taking the same. When this is thus allowed, as shown by the order of the court, the bond is filed with the clerk, and it thus becomes a part of the record, and of record. At common law, the mode was for the court or magistrate taking the same, to state at large to the bail, the obligation and its condition, to which they assented. Of this, a short minute was made at the time, but it need not be signed. From this minute, a formal record of the recognizance was prepared. Upon the filing of this, it became a part of the record of the court. 1 Ch. Cr. L., 90 *et seq.* In either method, the recognizance becomes equally a matter of record. In either case, it amounts to an obligation of record, being entered into before a court or magistrate duly authorized, with condition to do some particular act, as to keep the peace, appear to answer a criminal accusation, to pay a debt, or the like. 2 Black. Com. 341. And whether debt or *scire facias* shall be brought thereon, we do not see how the rights of the conusors could be changed. What would be a good cause in excuse of the default complained of, in one case, would be equally good in the other. If the principal could be surrendered by his bail, in satisfaction of the undertaking, in one instance, so he could in the other. The one becomes as much of a verity as the other. And, again, there are strong reasons why the action of debt should be maintained, unless it is negatived expressly, or by fair implication, by the statute. On *scire facias*, you may not attach the property of the conusors, and thus secure to the state the amount fixed by the undertaking. In the action of debt, or in the ordinary course by petition under our law, an attachment may be had, and the remedy thus be complete and perfect. An individual would have a right to thus secure his debt pending his action, in a suit brought on

a bond or obligation filed in court for his benefit, and we cannot believe that the remedy of the state in this respect, was designed to be any more restricted.

In some states, we are aware, it has been held that debt would not lie in civil causes, where the statute gave a remedy by *scire facias*. *Lane* v. *Smith*, 2 Pick. 282; *Pierce* v. *Reed*, 2 N. H. 359; *Crane* v. *Keating*, 13 Pick. 339. But such cases will be found to be based on reasons that do not apply under our law. In some of the states, the *scire facias* is required to be served upon the bail, within one year after final judgment against the principal. And under such statute of limitations, it was held, to be reasonable and fit that a party should be held to proceed within that time, and not allowed to select a remedy under which a longer time was given for the commencement of the suit. By our law, however, no such distinction exists, and the argument founded thereon, therefore falls. So, also, in other cases, where the bond was made payable to the sheriff in a civil cause, it was urged, that if debt could be maintained where *scire facias* was provided for, the sheriff could at his will bring the action, or withhold the authority to sue, to the prejudice of the party in interest. But here the bond is made payable to the state, and she, by her officers, can alone enforce its penalty. We conclude, then, that the remedy by action on the recognizance in the nature of an action of debt, is not taken away by this chapter of the Code; and this being the only objection urged against the petition, the court below did not err in overruling defendant's demurrer.

The next inquiry relates to the liability of the defendants, under the proof made. We give no weight to what is said with reference to the erasures made by the justice. These erasures, whether made at one time or another, cannot materially affect the question. He would have no power to enter up a judgment on the bond, the amount being beyond his jurisdiction, and his saying that the security should stand bound to the state on the bond, would in no manner assist to fix his liability. The material questions are, whether the allegation contained in the justice's transcript, that " Gorley

did not appear," can be contradicted by showing that he did make an appearance in law ; and if it cannot be so contradicted, whether this entering of his default, is sufficient to make the bail liable. As to the first point, we think the record as to the non-appearance of Gorley must be taken as verity. It was the duty of the justice to enter his failure to appear ; and having determined and entered the non-appearance, we do not think it can be contradicted in this proceeding. If this can be done, then, upon the same principle, his record as to any other fact might be contradicted. *State* v. *Burton et al.*, in this court. But does this record show a default, within the meaning of the law ? . The accused, by the terms of his bond, and the law, was bound to appear before the justice when his presence was lawfully required. The transcript does not show affirmatively that the state appeared, or sought to further prosecute the complaint ; on the contrary, if we are allowed to consider the testimony of the justice and the other witnesses, such appearance is expressly negatived. The failure of the state, however, to appear, could not excuse the defendant. But is he so required to appear, until he is called, or his presence demanded by the court ? Can his default be properly entered, until he is called ? We think not. And while we are by no means inclined to apply strict rules to the proceedings of these inferior courts, yet we think this is a matter of such substance and materiality, that it cannot be dispensed with. We would not require a compliance with any technical form in the entry of such defaults, but the record should show that, in some method, the defendant had an opportunity to know that his presence was demanded and required. Did this record contain anything, from which it might be reasonably inferred that Gorley had been called, we should be inclined to overrule the objection ; but when it is entirely silent in this respect, we cannot think it would be a safe rule to hold the bail liable. We need hardly say, that by the practice of all our courts, a calling is deemed necessary before a default can be entered ; and that the fact that a party was so called, precedes the entry of the default. Now, it is true, that if a

party is present in person, but makes no response to the call, he cannot claim that he was not in default. The law requires that he shall not only be present when called, but in order to save his default, he shall make what is termed a technical appearance. So, on the other hand, the record should not only show that he was not present, but that he was called. This is the means of legally testing and determining whether he is present. The court cannot otherwise tell that he is in default. And so it appears to have been determined in *Park* v. *The State*, 4 Geo. 329; *State* v. *Grigsby*, 3 Yerg. 280; *White* v. *State*, 5 Yerg. 183; *State* v. *Humphries*, 4 Blackf. 538. And the reason of the rule becomes more apparent, when we consider that by the Code, the accused may appear by attorney, without being personally present, when charged with a misdemeanor, as in this instance. In view of this fact, let us see the effect of a contrary rule. And without sanctioning the introduction of the parol testimony received by the court below, we can as well illustrate it by a brief reference to the facts here developed, as in any other way. It is proved that the state did not appear by any of her officers; nor was any person present to prosecute the complaint. The attorney for the defendant is present, however, prepared to answer for him, and defend him, against the charge preferred. This fact he may not have made known, nor was it necessary that he should do so, until something was done that required the defendant to answer, or to take some step to meet the prosecution against him, on the part of the state. The defendant is not called; his representative has no intimation that anything is being done in the case, but the justice enters on his docket that the accused did not appear, without ever doing anything that required him to answer or make known his presence. To hold that a default could be properly entered, under such circumstances, would, to our minds, be making courts of justice the instruments of fraud and oppression, instead of tribunals where the legal rights of the citizen may be protected. The true rule in such cases is, that the record should show that the presence of the accused was demanded and

required by the court, and not stop with averring that he was not present.

Without giving any force to the parol evidence, we hold that the justice's docket did not show such a default as fixed the defendant's liability on the recognizance. And while this is an action on the bond, and not a proceeding by *scire facias*, yet as already intimated, the same proof by the record, should be required of the state; and this record should show upon its face, that the state is entitled to have the recognizance estreated. 2 Ohio, 248.

Judgment reversed.