## P. C. HUGGINS *et al.*

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. PLEA OF DURESS—*its requisites, when pleaded to a scire facias on a recognizance.* When the *scire facias* on a recognizance, shows the principal was indicted, that the court ordered him to be held to bail, and that he was in the lawful control of the sheriff for that purpose, a plea of duress of the principal, which does not show that such imprisonment was unlawful, is bad.

2. SCIRE FACIAS ON RECOGNIZANCE—*defense by the security—duress of the principal.* The security upon a recognizance cannot plead the duress of his principal in discharge of his liability.

3. SAME—*where the principal is a soldier.* United States soldiers are not exempt, because of such service, from trial and punishment by the State courts for a violation of its criminal laws.

4. Where an arrested soldier is surrendered or abandoned by the military to the civil authority he cannot relieve himself from arrest by giving bail, and then voluntarily placing himself under military control, and insist that his bail is discharged by the principle of *vis major.*

5. PRACTICE—*when certain objections must be taken.* It is too late to object, for the first time, on error, that, on the trial of the issue on a plea of *nul tiel record,* interposed to a *scire facias* on a recognizance, the indictment was improperly admitted in evidence, because there was nothing to show that it was returned by a grand jury into open court. Such an objection, if availing at all, should be made on the trial below, so that the record could be produced, and the fact, in that regard, ascertained.

WRIT OF ERROR to the Circuit Court of Shelby county; the Hon. CHARLES EMERSON, Judge, presiding.

The opinion of the Court contains a sufficient statement of the case.

Mr. A. THORNTON and Messrs. HENRY & READ, for the plaintiffs in error.

In a proceeding by *scire facias* on a recognizance, a plea of duress of the principal upon both principle and authority is a good plea, and is equally available when pleaded by the security. *The State* v. *Bruntley,* 27 Ala. 44; *The People* v. *Slayton,* Breese, 329.

The third plea interposed by the security in this case was, that Martin, the principal, was in the service of the United States at the time he was arrested, and that he was held to said service and taken by the military authorities to the State of Mississippi, and prevented by reason thereof from appearing in accordance with the undertaking in said recognizance and by reason of his being so held by the military authorities aforesaid in the State of Mississippi, it was out of the power of his surety to surrender him, and out of his power to appear, etc.

We insist the court below erred in sustaining a demurrer to this plea. Under this assignment of error, two questions arise:

First, whether a party who is in the service of the United States, or who is in the custody of the authorities of the United States, can, without a formal requisition being made on the military authorities, be arrested by the State authorities. In the case of the *United States* v. *Booth*, 21 How. 523, it is said, that where "the prisoner or person is within the dominion and jurisdiction of the government of the United States, that neither the writ of *habeas corpus* nor any other process issued under State authority can pass over the line of division between the two sovereignties. He is then within the dominion and exclusive jurisdiction of the United States." If he has committed any offense against the State laws, the proper way to obtain jurisdiction over him is by the State authorities making requisition on the federal authorities to surrender him. And until he is surrendered by the federal authorities, he is as much without the jurisdiction of the State authorities as if he was in the State of Indiana or Ohio. This is rendered necessarily so, from the complex character of our government, and the existence of two distinct and separate sovereignties within the same territorial space, and each of them restricted in its powers, and each within its sphere of action prescribed by the Constitution of the United States independent of the other. It will scarcely be contended that a ministerial officer of the State of Illinois could legally pass over into Indiana and make an arrest upon a warrant issued by the courts of this State, and take a bond from the party so arrested. And yet such is the practical effect of the proceedings in the case. If the State authorities had properly proceeded by requisition, as it was their duty to have done, then there would have been no complication, and the plaintiff in error would have been free and at liberty to have appeared and have answered the charge against him.

This brings us to the second proposition, that is: That Martin was prevented from appearing and answering the charge in accordance with the requirements of his recognizance by *vis major*, and is as much excused as if he had been prevented.

by the act of God. *Brown* v. *The People*, 26 Ill. 31. Neither could the security have surrendered him. He had been taken by the military authorities beyond the limits of the State, and when the court entered a forfeiture he was in active service in the army.

And, finally, the court erred in finding the issue for the people, upon the plea of *nul tiel record.* There was no evidence, neither in fact is there any record, showing that the indictment against Martin was found by the grand jury and returned into open court; and this the record must affirmatively show, otherwise the court has no jurisdiction. *Rainey* v. *The People*, 3 Gilm. 71; *McKinney* v. *The People*, 2 id. 40; *Gardner* v. *The People*, 3 Scam. 35.

Mr. C. M. MORRISON, State's attorney, for the people.

Sureties in a recognizance cannot plead the duress of their principal in discharge of their liability. *Plummer* v. *The People*, 16 Ill. 538. To hold such a plea good would destroy all recognizances.

The court properly sustained the demurrer to the third plea. See 33d article of war, Brightley's Digest, 76; *Brown* v. *The People*, 26 Ill. 28; *Mix* v. *The People*, id. 32; Hurd on Habeas Corpus, 67; *Devine* v. *The State*, 5 Sneed (Tenn.) 624.

It was not necessary to show a valid indictment against Martin before a recovery could be had against his sureties upon the issue on *nul tiel record.* It has been decided by this court, in adjudicating upon a recognizance entered into before a justice of the peace, that the affidavit, warrant, etc., will not be examined in this court, and no defects in any of them will vitiate the bond. Is there not as much reason for requiring a proper affidavit to be filed to give the magistrate jurisdiction, as that a perfect indictment should be found to authorize the sheriff to arrest and take bail?

The following authorities show that the validity of an indictment cannot be questioned in a proceeding on a recognizance: *Williams* v. *The State*, 20 Ala. 63; *The State* v. *Weaver*, 18 id. 293; *The People* v. *Dennis*, 4 Mich. 609.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a *scire facias* on a recognizance given by Martin as principal, and Huggins as security, to secure the appearance of the former at a certain term of the Shelby Circuit Court, to answer an indictment found against him for manslaughter. The defendants jointly pleaded to the *scire facias:* First, *nul tiel record;* second, duress as to Martin; third, that Martin was in the service of the United States at the time he was arrested, and that after giving bail he was held to said service and taken by the military authorities to the State of Mississippi, and prevented by reason thereof from appearing in accordance with the undertaking in said recognizance, and by reason of his being so held by the military authorities aforesaid in the State of Mississippi, it was out of the power of his surety to surrender him, and out of his power to appear, etc.; and, fourth, that Martin was a soldier and subject to the jurisdiction of the United States, and not to that of the State of Illinois.

Issue was taken on the first plea, and there was a demurrer to the second, third and fourth. The demurrer was sustained, and the defendants abided by the demurrer. The issue on the first plea was found for the people, and final judgment was rendered. The defendants sued out a writ of error, and now assign for error the ruling of the Circuit Court on the demurrer, and the finding of the issue under the first plea.

The second plea merely sets out that the recognizance was entered into under duress arising from the imprisonment of Martin by the sheriff, without containing any averments to show that such imprisonment was unlawful. The *scire facias* averred that Martin was indicted, that the court had ordered him to be held to bail, and that he was in the lawful custody of the sheriff for that purpose. This plea, even if good in other respects, was bad as a plea of duress, in not averring facts to show that such imprisonment by the sheriff was unlawful. It professes to answer the *scire facias*, but yet discloses no facts that the *scire facias* did not itself disclose. It was also demurrable for another reason. The security cannot plead the

duress of his principal as a discharge of his own recognizance. *Plummer* v. *The People*, 16 Ill. 358.

The third plea was also bad. Soldiers in the service of the United States are not exempt because of such service from trial and punishment by the State courts, for violation of the criminal laws of a State. If their military superiors permit their arrest, the State courts thus acquire jurisdiction of their persons. True, in a district where martial law prevails, the military authorities may wrest them from the grasp of the State tribunals, but if they do not choose to do this, those tribunals will proceed to try them as they would try persons in civil life. The arrested soldier cannot by his own act take from the court its power, so long as his military superiors acquiesce. It follows, therefore, that if an arrested soldier is surrendered or abandoned by the military to the civil authority, he cannot relieve himself from arrest by giving bail, and then, having voluntarily placed himself again under the military jurisdiction, insist that his bail is discharged by the principle of *vis major*. It is his own voluntary act which has placed him under the so-called *vis major*, and therefore the phrase, as to him, is a solecism. Any other rule would, in a season of war, leave the State laws practically powerless to protect the life, person or property of the citizen as against the soldier. It can never be permitted that a furloughed soldier, free from the curb of his military superiors, who may be a thousand miles distant, shall at the same time be exempt from the restraints of law ; that he may commit a crime and, when arrested, induce his neighbor to become his bail by the assurance that, when released from custody, he will join his distant regiment, and thus enable his security to go free of his recognizance. In the case before us, when Huggins bécame security for Martin, he knew the latter, on his release, would again fall under the control of the military arm, and he voluntarily incurred the hazard of that control being so exercised as to prevent Martin from keeping the obligations of his bond.

The articles of war are themselves in accordance with these views. The thirty-third article, Brightley's Digest, page 76,

provides that whenever · a soldier or commissioned officer is charged with the commission of an offense against the person or property of a citizen, such as is punishable by the law of the land, the commanding officer shall, on application in behalf of the party injured, use his utmost endeavors to deliver the accused person to the civil magistrate for trial. And the article further provides that the commanding officer who fails to do this shall be cashiered.

It is urged by the appellant that on the trial of the issue of *nul tiel record* the court erred in admitting the indictment in evidence, because there is nothing to show that it was returned by a grand jury into open court. It appears by the record that the only objection offered to the indictment, on the trial, was an alleged variance. Had the other point been made, the record of the court for that term could have been produced, and by that we should know with certainty whether the indictment was open to that objection. The recognizance admits the finding of the indictment, and in the absence of the record we will not presume that it failed to show its return into open court. The objection comes too late. We have not considered the question whether such defect in the record would vitiate the recognizance.

*Judgment affirmed.*

NOTE BY THE REPORTER.—See *Myers* v. *The People*, decided at present term.