LITTLETON V. STATE.

1. BAIL-BOND: *How enforced.*
 The proceeding by *scire facias* to collect the penalty of a forfeited bail-bond is not exclusive of the common law action upon the bond. Either may be pursued; but the proceeding by *scire facias* must be in the court in which the default was made.

2. SAME: *Defenses by bail. Duress.*
 It is not necessary to the validity of a bail bond that the accused should sign it, and the relation of principal and surety between him and his bail exists only in a qualified sense, and it is no defense to an action on the bond against the bail, that the accused was illegally in custody at the time it was taken.

APPEAL from *Yell* Circuit Court.

Hon. G. S. CUNNINGHAM, Circuit Judge.

*Harrison & Crownover* and *Davis & Bullock* for appellants.

*First*—The complaint should have been stricken from the files because it was altogether unnecessary, and the summons should have been quashed, because it was fatally defective in failing to require appellants to appear and show

cause why judgment should not be rendered against them for the sum specified in the bail-bond, on account of the forfeiture thereof. *Mansfield's Digest, sec. 2068; Miller v. State, 35 Ark , p. 277 ; Thomm v. State, 35 Ark., 328.*

*Second*—The circuit court had no jurisdiction to try and render judgment in this case, because the forfeiture was not incurred in that court. The justice court of Delaware township alone had jurisdiction, because the forfeiture was incurred there. The circuit court had no connection whatever with the bail-bond. The prisoner was not bound to appear there. The statute expressly and positively says that the action on the bail-bond shall be in the court in which the defendant was required to appear. *Mansfield's Digest, sec. 2067 ; Flynn v. State, 42 Ark., p. 315; Cauthorn v. State, 43 Ark., p. 129.*

*Third*—It will not be denied, we apprehend, that the arrest of Easley at his home, in Logan county, by the deputy sheriff of Yell county, on the justice's warrant from Yell county, was unlawful. If so, then he was not legally under arrest, and was unlawfully restrained of his liberty at the time the bond was executed by appellants to procure his release, and such bond must necessarily be void. Hence, the declarations of law made by the court below must be erroneous. It makes no difference whether the bond was executed in Logan county, or executed after Easley had been unlawfully forced down into Yell county. *Blevins v. State, 31 Ark., p. 33; Chitty's Criminal Law, vol. 1, p. 49; Bishop's Statutory Crimes, vol.—, p. —.*

*Dan W. Jones,* Attorney General, for appellee.

The complaint sufficiently set out a cause of action. The appellants appeared in obedience to the summons and made answer to the complaint. By the repeated decisions

of this court appearance and answer waived any informalities in the summons, if any in fact existed.

Though unnecessary the complaint was not improper.

While forfeiture by the justice was legal, judgment on the bail bond could not be rendered by him, it being beyond his jurisdiction. *Con., art. 7, sec. 40.* The circuit court properly exercised jurisdiction and the findings of fact and declarations of law by the court were correct and sustained the judgment.


### STATEMENT.

Upon a warrant issued by a justice of the peace of Yell county for the arrest of William Easley for a misdemeanor committed in Yell, the sheriff of that county arrested the accused in Logan county and brought him back to Yell county, and there took from the appellants a bail bond for the defendant's appearance before the justice at a day specified in the bond, and discharged him. The defendant failed to appear before the justice as required by the condition of the bond, and the state brought this action by complaint and summons in the circuit court of Yell county against the bail. The bond was not signed by the defendant. The defenses to the action were : *First*—That the circuit court had no jurisdiction—the forfeiture of the bond being in the justice's court. *Second*—Duress: That the arrest in Logan county by the sheriff of Yell and his subsequent custody of the defendant in Yell, were illegal and the bond was void for duress. There was final judgment against the appellants for the penalty of the bond ($500) and they appealed.

OPINION.

COCKRILL, C. J.   It is claimed that the proceeding by *scire facias* to collect the penalty of a forfeited bail bond is exclusive of all other remedies, and that as this was an ordinary action upon a complaint filed in a different court from that in which the condition of the bond required the accused to appear, the court erred in refusing to grant the appellant's motion to dismiss the action.

1. Bail bond, how enforced.   The statute requires the prosecuting attorney to sue out a *scire facias* where default has been made, but it does not negative or preclude the right to proceed by action on the bond.   At common law such recognizances could be enforced by an action of debt, and while the proceeding by *scire facias* is the one primarily contemplated by the statute, it does not exclude the old action.   The question has arisen in other tribunals, where it is held that either remedy may be pursued.   *Com. v. Green, 12 Mass., 1; State v. Gorley, 2 Iowa, 52; St. v. Glass, 9 ib., 325; St. v. Kinne, 39 N. H., 129; St. v. Welch, 59 ib., 134.*   The correctness of this practice was intimated in *Cauthron v. State, 43 Ark., 128,* and is now fully approved.

If this proceeding were by *scire facias*, instead of an ordinary action on the bond, it would fail, because in that form of proceeding the record must be in the same court in which the default was made.   *Cauthron v. State, supra.*

2. Duress as defense to action.   But it is maintained that the prisoner was illegally restrained of his liberty, and the bond having been executed for the sole purpose of releasing him therefrom, could not be enforced.   The caption, the original arrest of the person for whose appearance the bond was given, was illegal. It was made by the sheriff of Yell county in the county of Logan, and not in hot pursuit of the offender.   In Logan county the sheriff of Yell had no official authority and no

power to execute the process. But the bond was taken by the sheriff of Yell, in the latter county, while the prisoner was in his custody, and there a charge was pending against the prisoner for an offense cognizable before the magistrate who issued the warrànt of arrest. Upon a trial for the offense under the circumstances, or upon an application by the prisoner to be released from imprisonment upon *habeas corpus*, the courts refuse to inquire into the manner or circumstances of the arrest, even though it has been made by force in a foreign jurisdiction. *Elmore v. State, 45 Ark., 243; ex parte Scott, Barn. & 9 Cress., 442; Davis' Appeal, 16 Penn. St.; ex parte Coupland, 26 Texas, 386; People v. Rowe, 4 Park. (N. Y. Cr. Rep.), 253; State v. Ross, 21 Iowa, 467.*

As the prisoner is entitled to discharge upon bail in every case of misdemeanor, it is difficult to see what greater right he has to have the court inquire into the manner or place of his arrest, after release, than he had before. As it is a question in favor of liberty, it would seem that the courts would more readily inquire into the cause of his complaint while the restraint is upon him. And so it has been held that after bail in a criminal case no objection can be taken to the manner of the arrest. *Peck v. State, 63 Ala., 201; Stever v. Stornberger, 24 Wend., 275; Springfield Man'f'g Co. v. West, 1 Cush., 388.*

In *Plummer v. People, 16 Ill., 358,* in a proceeding by *scire facias* upon a forfeited recognizance, and where the principal was a party to the bond and pleaded duress, the test applied by the court was whether he would have been released on *habeas corpus* at the time of executing the bond.

But if the detention of the principal was illegal and would have avoided the recognizance as to him, it does not follow that the bail should be released. It is a general rule of law that duress to avoid a contract must have been laid

27–46

upon the party pleading it. A principal can never be released for duress done to another. Some confusion in the cases exists as to whether a surety may avoid his obligation by reason of the duress of his principal. Without entering upon a review of the cases, it is sufficient to say that the limit to which any well-considered decision that has come under our observation has gone, is that if one is a surety, and no more, and enters into the contract in ignorance of the duress of the principal he may avail himself of the duress as a defense, because if the privilege is denied him he would be deprived of redress against his principal without fault on his part. *Griffith v. Sitgreaves, 90 Penn. St., 161; Brant on Surety, etc., sec. 5.*

But that reason cannot apply in favor of bail in a criminal case, because the law affords them no redress against their principal upon payment of their recognizance. The recognizance is a primary undertaking on their part. It is not necessary that the prisoner should be a party to it. *Tilson v. State, 29 Kans., 452.* The statute does not require it (*Mansf. Dig., secs. 2042, 2047*), and in *Highmore on Bail, p. 204,* it is said: " The penalty in the recognizance is no other than as a bond to compel the bail to a due observance thereof and has no connection with the principal; they could not sue him thereon for money paid to his use or on his account, for it was paid on their own account and for their own neglect." Payment of the recognizance, in no way, operates as a discharge of the principal's obligation to appear in court, and that obligation may be enforced by the state after bail have been discharged by payment of the recognizance. The object of the state in requiring bail is not pecuniary compensation, but to require the presence of the accused to the end that justice may be administered; and in order that they may escape the payment of the penalty, extraordinary remedies are given to the bail against

the person of the accused. They are his *quasi* jailors and it is to compel the performance of their duty as such that the bond is taken. Exacting the penalty of the bond of the bail is the punishment for neglect of this duty, not for any act of the accused. The relation, therefore, of principal and surety between the accused and his bail exists only in a qualified sense. The Supreme Court of the United States have recently reviewed the question of the relative rights of principal and bail, and conclude that it is against public policy to aid the bail to relieve themselves from the punishment meted out to them for their neglect in failing to surrender their principal to justice. *U. S. v. Ryder, 110 U. S., 729.*

This being true, no principle suggests itself which would permit the duress of the accused to inure to the benefit of his bail. *Huggins v. People, 39 Ill., 241; Plummer v. People, supra.*

We are aware that there are cases upon bail bonds in which the sureties have received the benefit of the duress of the principal, but an examination will show that in most of them there was a fundamental defect in the proceedings which led to the arrest that in effect rendered it and the bond taken in pursuance of it void, as in *Fisher v. Shattuck, 17 Pickering, 252*, where the magistrate requiring the bond had no jurisdiction of the subject matter, and hence no authority whatever. The same court in later cases, without inconsistency, refused to receive the plea of duress of the principal from a surety. *Robinson v. Gould, 11 Cush., 55; Bowman v. Hiller, 130 Mass., 153.*

The case of *Blevins v. State, 31 Ark., 53*, is of the same class as *Fisher v. Shattuck*. There the sheriff of Pope county, under process issued to him from Pope, made an arrest and took bail in Conway county. The court held that in Conway county the sheriff of Pope had no official

capacity, and that a bond taken there by him was no more than a bond executed by a private citizen, and was, for that reason, a nullity.

Other cases, where the surety has been relieved, come within one of the generally recognized exceptions to the rule, as where the father is surety for the son, or the husband for the wife. *Schee v. McQuilken, 59 Ind., 269.*

The judgment of the court is right and must be affirmed.