HUNT et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1894.)

No. 335.

1. APPEAL—HARMLESS ERROR—EVIDENCE ON SCIRE FACIAS.
   The admission, in a proceeding by scire facias, of oral evidence, merely corroborative of facts sufficiently proved by production of the appropriate record and files, which establish all the essential recitals in the writ, is not ground for reversal of the judgment.

2. SAME—OBJECTIONS NOT RAISED BELOW—PRESUMPTION.
   An objection to the admissibility in evidence of the transcript of proceedings before a commissioner, on the ground that it was not returned to and filed in the office of the clerk, cannot avail on appeal, where it was not made at the trial, and where, nothing to the contrary appearing in the record, it must be presumed that the commissioner discharged his duty in that respect.

3. BAIL IN CRIMINAL CASES—DEFENSE TO RECOGNIZANCE—ESTOPPEL.
   It is no defense to a recognizance that a warrant for removal of the accused from the district in which he was arrested was not signed by the

proper judicial officer, where, without objection on that ground, the accused applied for a reduction of the bail originally fixed, gave such recognizance for the reduced amount, and was discharged thereon.

**4. SAME.**
It is no defense to a recognizance that it was taken and acknowledged before the clerk of the district court, where this was done by order of the district judge, made at the request of the accused, and to secure his speedy discharge.

In Error to the District Court of the United States for the Western District of Missouri.

This was a proceeding by scire facias by the United States to enforce a forfeited recognizance against Robert H. Hunt and Hugh C. Ward, the sureties therein. On trial by the court, judgment was rendered for the United States. Defendants brought error.

Hugh C. Ward (Richard H. Field on brief), for plaintiffs in error.
G. A. Neal, U. S. Dist. Atty. for Western District of Missouri, for the United States.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. The judgment that is involved in this case was rendered in a proceeding by scire facias to enforce a forfeited recognizance. The record shows that on September 20, 1892, an affidavit was filed before L. E. Wyne, United States commissioner for the western district of Missouri, which charged in substance and in legal effect that one Millard C. Curtis, who was the assistant cashier of the American National Bank of Kansas City, Mo., had theretofore embezzled certain moneys of said bank, and had made certain false entries in its books of account. A warrant was issued by the commissioner, addressed to the United States marshal for the western district of Missouri, for the arrest of said Curtis, which warrant was returned by the marshal unexecuted on the day that it was issued, to wit, September 20, 1892, because the accused could not be found in his district. Thereafter, on September 22, 1892, a similar affidavit was filed with P. A. Hoyne, United States commissioner for the northern district of Illinois, charging said Curtis with embezzling certain funds of the aforesaid bank, at Jackson county, Mo., within the western district of Missouri, on the 2d day of June, 1892. On this affidavit a warrant was issued against Curtis, by Commissioner Hoyne, on September 22, 1892, under which the accused was arrested on the same day, in the city of Chicago, and taken before the commissioner. On a hearing had, the commissioner found probable cause for the arrest to exist, and the accused was ordered to give bail in the sum of $10,000 for his appearance before the district court of the United States for the western district of Missouri at the succeeding March term, 1893, of said court, or, in default of giving such bail, to be committed to the jail of Cook county, Ill. Curtis having failed to furnish bail, as required, he was removed to the western district of Missouri on the 23d day of September, 1892, under a warrant signed by the Honorable Walter

Q. Gresham, circuit judge, and he was there delivered into the custody of the United States marshal for the western district of Missouri, who committed him to the county jail of Jackson county, Mo. Afterwards, to wit, on September 24, 1892, on an application made in behalf of the accused to have his bail reduced, the bail originally fixed by Commissioner Hoyne at $10,000 was reduced to the sum of $3,000, by an order made by the Honorable John F. Philips, United States district judge for the western district of Missouri. On the same day a recognizance in the sum last stated was entered into by R. H. Hunt and Hugh C. Ward, the plaintiffs in error, as sureties for said Curtis, by virtue of which he was forthwith released from imprisonment. At the next regular term of the United States district court for the western district of Missouri, held at Kansas City, to which term Curtis had been recognized to appear, indictments were duly found and returned against him, charging him with making false entries in the books of the American National Bank of Kansas City, and with embezzling and misapplying its funds while in his charge as assistant cashier. The accused failed to respond when called to answer the said indictments, whereupon the recognizance heretofore mentioned was declared forfeited, and a writ of scire facias was directed to be issued against the sureties. The writ was duly served upon the plaintiffs in error, who afterwards appeared and answered the writ, interposing several defenses thereto. The case was tried before the court, and the United States obtained a judgment for the sum stated in the recognizance.

It is insisted by the plaintiffs in error that the district court erred in admitting certain oral testimony which was offered at the trial, and the rule is invoked in support of this contention that in proceedings by scire facias such testimony is not admissible. We do not dispute the existence nor the binding force of the rule last stated. A writ of scire facias, when issued, should only recite facts that are disclosed by the record and files of the court from which the writ emanates. Therefore, when the defendants named in a writ of scire facias, by way of defense thereto, deny any of its recitals, it is incumbent on the plaintiff to verify the same by producing the record and files, and the facts in question cannot be otherwise proven, unless the record and files have been lost or destroyed. The rule itself is but another mode of stating the familiar rule of evidence that matters of record cannot be proven by parol. Treasurer v. Merrill, 14 Vt. 64; People v. Kane, 4 Denio, 535; Railroad Co. v. Sperry, 3 Biss. 311, Fed. Cas. No. 7,712. But in a proceeding by scire facias, if the appropriate record and files are produced which establish all of the essential recitals contained in the writ, the judgment should not be reversed on appeal merely because the trial court permitted oral evidence to be introduced which was merely corroborative of facts already sufficiently proven by the record. An error of that kind is clearly immaterial, and will not warrant a reversal of the judgment. Stephens v. Crawford, 1 Ga. 574. All of the oral testimony to which the defendants in the present case inter-

posed an objection, save a certain class of oral testimony that will be referred to hereafter, was testimony that simply tended to show facts which were sufficiently disclosed by the record. For example, the testimony of the court crier tending to show that the parties to the recognizance had been duly called prior to the forfeiture was not prejudicial, because the record entry that the "said Millard C. Curtis, although solemnly called to come into court in discharge of said recognizance, comes not, but makes default," was a sufficient entry of record to support the forfeiture without the aid of parol testimony. The same remark may be made with respect to the testimony of the clerk of the district court, which tended to show that the recognizance had been acknowledged before him by virtue of a written order of the district judge. Also the same remark may be made with respect to the testimony of the deputy marshal of the northern district of Illinois, which tended to show the manner in which he had executed the warrant of removal. All of the material facts testified to by these witnesses were clearly established by the records of the court, or by papers produced at the trial, which properly belonged to and formed a part of the court records and files. No error was committed in the admission of this testimony which would justify a reversal, although it may have been incompetent.

In this connection it is proper to add that we can attach no importance to the contention of counsel that the transcript of the proceedings before Commissioner Hoyne ought not to be considered in determining the question of the liability of the sureties, because, as it is said, the transcript was not returned to and filed in the office of the clerk of the United States district court for the western district of Missouri. With reference to the latter contention, it is sufficient to say that the transcript, when produced on the trial and read in evidence, was not objected to by the sureties, and no exception was saved to its introduction. Furthermore, there is nothing in the record to show that it had not been filed with the clerk of the United States district court for the western district of Missouri before it was produced and offered in evidence. As it was the duty of the commissioner before whom Curtis was examined and held to file a transcript of his proceedings with the clerk of the United States district court for the western district of Missouri, it must be presumed, in the absence of any evidence to the contrary, that this duty had been discharged; that the transcript was produced from the proper custody, and formed a part of the court files.

It is further assigned for error that the warrant of removal was improperly admitted in evidence, for the reason that it was not signed by the United States district judge for the northern district of Illinois, and was therefore void. We entertain the view that it is wholly immaterial to the decision of this case whether the warrant of removal was or was not signed by the proper judicial officer. The accused did not see fit to raise that question after he was removed to the western district of Missouri, but waived all objections to the process by which the removal had been accomplished by voluntarily appearing before the district judge of that district, and asking to have the bail fixed by Commissioner Hoyne reduced, and

by subsequently tendering bail for the reduced amount, which was accepted, and by means of which he obtained his discharge. Neither the accused nor the sureties upon his bond are in a position to question the validity of the warrant of removal after admitting by the acts aforesaid that the accused was under a lawful obligation to give bail, and that they did not choose to question the mode of his removal. The conduct of the principal and the sureties in the recognizance estops them in this proceeding from impeaching the warrant of removal. Peck v. State, 63 Ala. 201; Stever v. Somberger, 24 Wend. 275; Manufacturing Co. v. West, 1 Cush. 388; Littleton v. State, 46 Ark. 413, 417. We think that it makes no difference, so far as the present case is concerned, by what means the removal from the northern district of Illinois to the western district of Missouri was accomplished, or whether the warrant of removal was valid or otherwise. The validity of the recognizance is in no wise dependent upon the latter question. The accused had been lawfully ordered by the United States commissioner to give bail for his appearance before the United States district court for the western district of Missouri, or, in default thereof, to stand committed to jail. By reason of his having been so lawfully ordered to give bail, it follows, we think, that if he had sued out a writ of habeas corpus after his removal, to obtain his discharge, based upon the ground that the warrant of removal was void, it would have been the duty of the court or judge before whom he was brought by such writ to have ordered his commitment to jail, to await the action of a grand jury, if he failed at that time to give a bond for his appearance, even though such court or judge might have been of the opinion that the warrant of removal was void. The result is that no prejudicial error was committed against the sureties in admitting the warrant of removal, even though it was void. For the wrong done to the prisoner, if any, in removing him under illegal process, he must seek a remedy in some other proceeding. The alleged trespass will not avail the prisoner or his sureties as a defense to this proceeding.

This brings us to the consideration of the last and most important question presented by the record, namely, whether the recognizance in suit is void because it purports to have been signed and acknowledged before the clerk of the United States district court for the western district of Missouri, instead of being acknowledged before the district judge. Among the papers produced at the trial which formed a part of the files in the clerk's office was the following order, signed by the district judge:

"John M. Nuckols, U. S. District Clerk: In the matter of the United States v. M. C. Curtis, you may approve recognizance for him in the sum of three thousand dollars, with two sureties in addition to the principal, the same to be sufficient and approved by you. John F. Philips, Judge."

The recognizance also bore the following indorsement:

"Taken and acknowledged before me, on the day and year first above written. John M. Nuckols, Clerk of the U. S. District Court.

"Done by order of the Honorable John F. Philips, judge of the United States district court for the western district of Missouri, hereto attached."

It was proven by oral testimony, which was objected to, that at a late hour of the day on which the recognizance bears date, to wit, September 24, 1892, the accused being then in custody at Kansas City, an application was made to the district judge, by his attorney, to reduce his bail; that this application was duly heard by the district judge, in the presence of the attorney for the accused, also in the presence of the district attorney; and that the bail was reduced and fixed at the sum of $3,000. Thereupon, as the hour was late, and as the sureties could not be produced immediately, the prisoner's attorney requested the district judge to make the aforesaid order, permitting the bond to be executed before the clerk, his object being to secure the speedy release of his client, and prevent his detention in prison over night. It will be observed, therefore, that the record and files show that the prisoner had been lawfully charged with an offense against the laws of the United States; that he had been legally arrested therefor, examined, and ordered to give bail; and that the bail, as originally fixed, had been reduced by an order made by the district judge. In addition to these facts, there is oral proof that the bail bond was signed before the clerk, at the prisoner's request, to secure his speedy release. Assuming, for the purpose of this decision, that the recognizance in question was in legal effect taken by the clerk of the district court, and that there was no statute, state or federal, then in force authorizing the clerk to take bail in criminal cases, the question arises whether, under the facts aforesaid, either the accused or his sureties can be heard to allege that the recognizance is void because it was not taken by the proper officer. In the case of Jones v. Gordon, 82 Ga. 570, 9 S. E. 782, the accused was arrested in a county different from that in which the offense was committed, and was taken before a justice of the peace for the county where the arrest was made, who had no jurisdiction of the case and no authority to take bail therein. Before such justice the accused gave bail, with sureties, for his appearance before the superior court of the county where the offense was committed. It was conceded that the magistrate before whom the proceedings were had had no jurisdiction of the case, or authority to take bail. Nevertheless, it was held that as the recognizance was given voluntarily, and was effectual to secure the prisoner's release from imprisonment, it was supported by a sufficient consideration, and might be enforced against the sureties. The court said, in substance, that the accused had the right to waive a legal trial, and the right to waive the disqualification of the justice to take bail, and that he had done so in effect by giving bail for his appearance before a court that had jurisdiction of the offense. In the case of Weldon v. Colquitt, 62 Ga. 449, where a person who had been arrested on Sunday insisted upon an immediate hearing before a magistrate on that day, and was held to bail, and forthwith entered into a recognizance, and by that means secured his release from arrest, it was held that the recognizance might be enforced by a writ of scire facias, although it was executed on Sunday, and although the magistrate had no right to conduct an examination on that day, and although his order of commitment was for that reason void.

So in the case of Littleton v. State, 46 Ark. 413, it was held that a recognizance might be enforced against the sureties therein, although the sheriff before whom it was taken had executed the warrant of arrest in a county where he had no authority to execute it. It is also a well-established doctrine that where a bond is given in the course of a judicial proceeding, such as a bond to secure the release of attached property, or a forthcoming bond, the sureties are estopped by the execution of the obligation from afterwards asserting that no levy had been made, or that the property was not subject to attachment, or that the bond was invalid for other reasons of a like character. Haggart v. Morgan, 5 N. Y. 422; Portis v. Parker, 58 Am. Dec. 95; Kincannon v. Carroll, 30 Am. Dec. 391; Bostwick v. Goetzel, 57 N. Y. 584. See, also, U. S. v. Wallace, 46 Fed. 569. We think that the principle maintained by the foregoing cases is sound, and should be applied in the case at bar. We can conceive of no sufficient reason why the sureties should be permitted to question the validity of the recognizance on the ground that it was acknowledged before the clerk, when it was so acknowledged at the request of the accused, and for the purpose of securing his immediate release, and when it was effectual for that purpose. We know of no reason why it was not competent for the accused to waive the formality of an acknowledgment of the bond and an examination of the sureties before the district judge; and, having obtained his discharge by means of such a waiver, we know of no reason why he and his sureties should not be estopped from questioning the validity of the bond on that ground. In our judgment, the case is one in which the wholesome doctrine of estoppel may be properly invoked and applied. The course pursued in taking bail was adopted at the solicitation of the accused, and for his advantage. The bond taken was accepted as sufficient by the district judge, and the accused was forthwith released. The contract made by the principal and his sureties was voluntary. It also rested upon an adequate consideration, to wit, the release of the accused from imprisonment. Under these circumstances, it would be trifling with the administration of justice to hold that the recognizance was invalid because it was signed and acknowledged before the clerk. We accordingly hold that the testimony which showed that the recognizance was acknowledged before the clerk, at the request of the accused, was properly admitted. It did not tend to contradict any of the recitals contained in the record or in the writ of scire facias, and was not inadmissible on that ground. We furthermore hold that the sureties are estopped from questioning the validity of the bond upon the ground that it was entered into before the clerk, and, so holding, the judgment of the circuit court is hereby affirmed.