# BALTIMORE CITY COURT

Filed March 10, 1903.

## CHARLES F. SMITH

### VS.

## HARRY D. FOWLER AND TAZEWELL T. THOMAS.

*F. H. Warfield* and *M. P. Morfit* for plaintiff.

*McComas, Gaither & Greenbaum* for defendants.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

STOCKBRIDGE, J.—

When Albert Lombardo was arrested on a criminal charge, bail for his appearance was given by Smith, the plaintiff in this case. The case against Lombardo was never tried for the reason that the traverser disappeared shortly after he had been released on bail. Because of the non-appearance of the accused the bail was forfeited, and now the plaintiff brings this suit against the defendants, who were, or one of whom was, the attorney of the traverser, upon an alleged promise to indemnify him for the amount which the plaintiff was required to pay upon the forfeiture of the bail.

To the third count of the declaration a demurrer has been filed, and in support of it, several different grounds have been assigned. Three of them are for matters which, if the demurrer is well taken, are curable by amendment, while two go to the maintenance of the action. With the question of legal ethics which may be involved, and with regard to which there can hardly be a difference of opinion, the court has now nothing to do. The sole question to be determined is the legal one as raised by the demurrer. The two important grounds assigned are, that the alleged promise having been in parol only, the Statute of Frauds is applicable, and no recovery can be had, and second, that an engagement for the indemnification of the bail or surety in a criminal case is in contravention of public policy, and therefore unenforceable in a court of law.

The applicability of the Statute of Frauds in such a case was considered in Chipps vs. Hartnoll, 2 B. & S. 679, in which the Court of King's Bench held the case to come within the statute, upon the theory that the undertaking of the bail was a collateral one, and if the agreement be regarded as collateral, then the surety would come within the provisions of the statute in a suit to recover such sum as would indemnify him. When this case reached the Exchequer Chamber of Appeal, 4 B. & S. 414, the judgment below was reversed and the statute held not to apply, because the liability of the surety in such cases was deemed primary and not collateral.

The view of the English courts as to the character of the obligation of the bail in a criminal case has been adopted in this country, and the obligation held to be primary, rather than collateral, in U. S. vs. Ryder, 110 U. S. 734; Littleton vs. State, 46 Ark. 413; State vs. Sureties of Krohne, 4 Wyo. 356; U. S. vs. Simmons, 47 Fed. Rep. 576.

Following these authorities the objection based upon the supposed application of the Statute of Frauds can not be maintained.

With regard to the question of public policy as affecting such agreements, the solution will be facilitated by considering the reasons for requiring bail, and the purpose of its forfeiture. The object of the State in requiring bail is not pecuniary compensation, but to re-

quire the presence of the accused to the end that justice may be administered, and .in order that the sureties may escape the payment of the penalty, extraordinary remedies are given to the bail against the person of the accused. They are his quasi jailers, and it is to compel the performance of their duty as such that the bond is taken. Exacting the penalty of the bond of the bail is the punishment for the neglect of this duty, not for any act of the accused.

Such being the duty of the sureties and the purpose of the forfeiture of the bail, it is manifest that if the courts should lend their aid to a surety to enable to indemnify himself for a loss which is intended as a punishment for his own neglect, either from the principal or any one on his behalf, it would be as though the State should say to the bail, we will aid you to get the amount of your recognizance so that you may be relieved from your obligation to surrender the principal to justice. U. S. vs. Ryder, 110 U. S. 729.

And such a proposition would go far to entirely nullify the very object for which bail is required in criminal cases. Hence such suits have been frequently held opposed to public policy, both in this country and in England. U. S. vs. Ryder, supra; Littleton vs. State, 46 Ark. 418; U. S. vs. Simmons, 47 Fed. Rep. 576; Herman vs. Jeuchner, 15 ,Q. B. Div. 561; Jones vs. Orchard, 16 C. B. 614.

The only case to the contrary is Simpson vs. Roberts, 35 Ga. 180, in which a surety who had sought to indemnify himself by taking a mortgage was permitted to enforce the instrument.

But it may be suggested that the count in the declaration now demurred to, shows two separate and distinct promises by the defendants, one before and one after the disappearance of the traverser in the criminal case, and that the question of public policy can have no application to the second promise, even though it does to the first. But with respect to this it is sufficient to say that no consideration, whatever, is alleged for the subsequent promise.

Following, therefore, the manifest weight of authority, and which is fully in accord with reason, the alleged agreement here sued on must be held contrary to public policy and the demurrer sustained.