## UNITED STATES *v.* JONES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF LOUISIANA.

No. 262. Submitted April 24, 1893. — Decided May 1, 1893.

A bill of exceptions signed after the final adjournment of the court for the term, without an order extending the time for its presentation, or the consent of parties thereto, or a standing rule authorizing it to be done, is improvidently allowed; and when the errors assigned arise upon the bill, the judgment will be affirmed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Parker* for plaintiffs in error.

*Mr. T Alexander* and *Mr. N. C. Blanchard* for defendants in error.

THE CHIEF JUSTICE: Judgment was rendered in this case July 18, the writ of error sued out and allowed July 23, and the court adjourned for the term, July 30, 1889. So far as

disclosed by the record the bill of exceptions was not tendered to the judge or signed by him until October 7, 1889, and no order was entered extending the time for its presentation, nor was there any consent of parties thereto, nor any standing rule of court which authorized such approval. The bill of exceptions was therefore improvidently allowed. *Müller* v. *Ehlers*, 91 U. S. 249; *Jones* v. *Grover & Baker Sewing Machine Co.*, 131 U. S. Appx. cl; *Michigan Insurance Bank* v. *Eldred*, 143 U. S. 293. As the errors assigned arise upon the bill of exceptions, we are compelled to affirm the judgment, and it is so ordered.

*Affirmed.*