MISSOURI, K. & T. RY. CO. v. RUSSELL.

(Circuit Court of Appeals, Eighth Circuit. February 26, 1894.)

No. 360.

BILL OF EXCEPTIONS—TIME OF SETTLING—VACATION.

Inasmuch as a bill of exceptions cannot be allowed after the term at which the judgment was entered, except by virtue of an order entered at

that term, or by standing rule of court, in the absence of such a rule the court has no power in vacation to enlarge the time fixed for filing the bill of exceptions by an order entered during the term; and where no consent to such enlargement was given by defendant in error, a bill of exceptions so allowed is no part of the record, and cannot be considered on writ of error.

In Error to the United States Court in the Indian Territory.

This was an action brought by William R. Russell against the Missouri, Kansas & Texas Railway Company for killing stock belonging to the plaintiff. There was judgment for plaintiff in the court below, and defendant brings error.

Clifford L. Jackson, for plaintiff in error.

Henry L. Haynes, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. In this case the first question called to our attention by the arguments of counsel is whether the bill of exceptions was filed in time to become a part of the record. If this question is answered in the negative, in accordance with the contention of the defendant in error, then we cannot notice any of the rulings of the trial court which have been assigned for error. The record shows that a judgment was rendered against the plaintiff in error on the 21st day of April, 1893, at a regular term of the United States court in the Indian Territory held at South McAlester, in the second judicial division of said territory. Thereafter, on April 26, 1893, before the expiration of the term, an order was duly made and entered of record extending the time for filing a bill of exceptions for 30 days from that date. Before the expiration of the last-mentioned period, the term of court lapsed. Afterwards, on May 24, 1893, and again on June 22, 1893, orders were made under the hand and seal of the trial judge, extending the time for filing a bill of exceptions for a period of 30 days on each occasion. Also, on July 8, 1893, a further extension of time was granted until September 1, 1893. The three orders last mentioned appear to have been ex parte orders, which were obtained from the judge in vacation, without notice to the defendant in error, and without his consent. The bill of exceptions was finally allowed, signed, and filed on the 10th of August, 1893. The question whether a bill of exceptions can be allowed after the lapse of the term at which the judgment is rendered has been frequently considered by the federal courts, and the rule of practice in that regard is now well defined. In Muller v. Ehlers, 91 U. S. 249, it was decided that, save under very extraordinary circumstances, a bill of exceptions signed after the term at which the judgment is rendered, without the consent of parties, or an express order of the court to that effect, made during the term, cannot be considered as a part of the record in the case. The general rule, as last stated, was reaffirmed in Jones v. Sewing Mach. Co., 131 U. S. Append. 150. It has since been held, in substance, in Chateaugay, etc., Iron Co., Petitioner, 128 U. S. 544, 9 Sup. Ct. 150, that a bill of

exceptions may be allowed and signed after the lapse of the term, if it is settled, signed, and filed in substantial conformity with a standing rule of the particular court regulating the time and manner in which bills of exceptions shall be presented and filed. It was further decided in Davis v. Patrick, 122 U. S. 138, 7 Sup. Ct. 1102, that if a bill of exceptions is seasonably submitted to the trial judge, and through his neglect or oversight the bill is not signed and filed until after the expiration of the term, it will not be stricken out. This court has also held that a bill of exceptions may be allowed at the term when a motion for a new trial is finally acted on, though it be a term subsequent to the one at which the judgment was entered, provided the motion for a new trial was duly filed by leave at the trial term, and the hearing thereof was continued or postponed to the succeeding term. Woods v. Lindvall, 4 U. S. App. 45, 1 C. C. A. 34, 48 Fed. 73. The latest declaration on the subject in hand is to be found in Bank v. Eldred, 143 U. S. 293, 298, 12 Sup. Ct. 450, where Mr. Justice Gray summarizes the law in the following language:

"By the uniform course of decision no exceptions to rulings at a trial can be considered * * * unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of the parties; and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over the case being reserved by standing rule or special order, * * * all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end."

See, also, U. S. v. Jones, 149 U. S. 262, 13 Sup. Ct. 840; Hume v. Bowie, 148 U. S. 245, 253, 13 Sup. Ct. 582; Railway Co. v. Hyde, 5 C. C. A. 461, 56 Fed. 188.

In view of the foregoing decisions, we think it manifest that the bill of exceptions in the present case did not become a part of the record, and that it must be ignored. We are of the opinion that the trial judge, in the absence of any standing rule of court on the subject, had no power in vacation to enlarge the time for filing a bill of exceptions which had been fixed by an order of court made and entered of record in term time; and, as no consent was given by the defendant in error that the time might be thus enlarged, the orders made in vacation cannot operate against him as an estoppel. The result is that, for want of any bill of exceptions covering the rulings complained of in the assignment of errors, the judgment of the court below must be, and the same is hereby, affirmed.