## GULF, C. & S. F. RY. CO. v. JACKSON.

### SAME v. CURB et al.

(Circuit Court of Appeals, Eighth Circuit. September 24, 1894.)

#### Nos. 424 and 425.

BILL OF EXCEPTIONS—TIME OF FILING—CONSENT TO ENLARGEMENT.
    An indorsement on a bill of exceptions, "We agree upon the above and foregoing bill of exceptions," signed by opposing counsel during an extension of time for filing, made by an ex parte order in vacation, *held* binding as a consent to the enlargement of the time for settlement.

In Error to the United States Court in the Indian Territory.

On petitions of plaintiffs in error for rehearings. These were two suits brought by the Gulf, Colorado & Santa Fé Railway Company against Jo Jackson, and W. R. Curb and Rosella Curb, respectively.

J. W. Terry and P. L. Soper, filed brief in support.

W. B. Johnson, A. C. Cruce, and Lee Cruce, filed brief opposing same.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. Petitions for rehearings of these cases, on the ground that the defendants in error consented to the extension of the time for filing the bills of exceptions, have been presented and considered. During the trial term in the court

below, the time for filing the bills of exceptions in these cases was extended, by order of the court, to December 24, 1893. In December, 1893, and after the term had lapsed, the judge made an ex parte order extending the time for filing the bills until January 23, 1894, and these bills of exceptions were not settled or filed until January 13, 1894. On this state of facts, orders were made at this term affirming the judgments below on the ground that the judge had no power to extend the time to file these bills by an ex parte order in vacation, without the consent of the defendants in error to such extensions, in accordance with our decision in Railway Co. v. Russell, 9 C. C. A. 108, 60 Fed. 503. It now appears that the bills of exceptions contained a statement of the substance of the ex parte orders extending the time to prepare and file them, and that some time in January, 1894, before they were settled or filed, they were presented to the counsel for defendants in error, one of whom indorsed upon each of them the following words, "We agree upon the above and foregoing bill of exceptions," and signed this agreement. In our opinion this was a plain consent to the enlargement of the time for the settlement of these bills, and the defendants in error ought not to be permitted to revoke or evade it now, when the cases have been prepared for hearing on the merits in this court in reliance upon their waiver of all objections to the bills of exceptions. These motions for rehearings are granted, the orders striking out the bills of exceptions and affirming the judgments are set aside, and the cases reinstated for hearing on the merits.