## MILLER v. MORGAN.

(Circuit Court of Appeals, Fifth Circuit. December 18, 1894.)

. No. 327.

BILLS OF EXCEPTIONS—TIME OF FILING—EXPIRATION OF TERM.

A bill of exceptions allowed and filed after the close of the term, without authority or any standing rule or consent of the parties, and not within the time specially allowed or any extension thereof, is improvidently granted, and cannot be considered. U. S. v. Jones, 13 Sup. Ct. 840, 149 U. S. 262, followed.

In Error to the Circuit Court of the United States for the Northern District of Texas.

This was an action brought by George B. Morgan, receiver of the Ninth National Bank of Dallas, Tex., against W. B. Miller and his wife, E. A. Miller, to recover $3,000, being an assessment of $60 made by the comptroller of the currency of the United States upon each of 50 shares of the stock of the bank held in the name of E. A. Miller. The court charged the jury that the stock on which the assessment was made was the community property of W. B. Miller and his wife, and directed the jury to find for the plaintiff, as against defendant W. B. Miller, but not to find anything against defendant E. A. Miller. A verdict was returned in accordance with these instructions, and the court entered judgment thereon against W. B. Miller for $3,172.50, and in favor of E. A. Miller for her costs. W. B. Miller brings error.

Barry Miller, for plaintiff in error.
U. F. Short, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PARDEE, Circuit Judge. Judgment was rendered in this case on May 30, 1894, and on June 1, 1894, a motion for a new trial was made, which, on July 2d, was overruled; the overruling order reciting that "the defendants be allowed twenty days from this date within which time to prepare, submit, and file bills of exception herein." The court adjourned for the term on July 11, 1894. No bills of exception were prepared and filed within the 20 days allowed by the order of the court, but some 8 days after the expiration of the time, to wit, on the 30th day of July, 1894, the plaintiff in error, without notice to the defendant in error, and without his consent, and without any standing rule of the court authorizing the same, applied to the judge who tried the case, and obtained an order, to wit: "In this case the defendants are allowed until August 10, 1894, to prepare and present bills of exceptions." No exceptions were filed within the time allowed by this order, but bills of exception were prepared and submitted to the trial judge, and by him signed and delivered to the clerk, who, on the 20th day of August, 1894, indorsed thereon: "Filed as of date Aug. 10th, 1894, by order of John B. Rector, U. S. Dist. Judge."

The bills of exception were improvidently allowed. U. S. v. Jones, 149 U. S. 262, 13 Sup. Ct. 840, and cases there cited. See, also, Railroad Co. v. Russell, 60 Fed. 501–503, 9 C. C. A. 108; U. S. v. Carr, 61 Fed. 802, 10 C. C. A. 80. As the errors assigned arise wholly upon the bills of exception, we are compelled to affirm the judgment; and it is so ordered.