THE T. A. GILLESPIE COMPANY, PLAINTIFF IN ERROR, v. NELLIE CUMMING, DEFENDANT IN ERROR.

Argued June 24, 1898—Decided November 14, 1898.

1. The question of reasonable care on the part of the defendant and that of contributory negligence on the part of the plaintiff were submitted by the trial judge to the jury. *Held,* not erroneous under the circumstances of the case.

2. The defendant having dug a trench across the highway, laid a temporary bridge over part of it, on one side of the road, and at night put a red light at each side of the bridge; the plaintiff, approaching on a bicycle, thought that the red lights indicated that the danger was between them, and, attempting to pass outside of them, fell into the trench. *Held,* that evidence produced by the plaintiff that it was the usual practice for persons placing obstructions in the highway to put a red light at each end of the obstruction was competent testimony.

On error to the Supreme Court.

For the plaintiff in error, *Edwin B. Goodell.*

For the defendant in error, *Robert M. Boyd.*

The opinion of the court was delivered by

DIXON, J.   On the evening of August 13th, 1897, shortly before nine o'clock, the plaintiff, a young woman, twenty-

three years of age, was riding a bicycle on the road known as Belleville avenue, in Montclair. It was a moonlight night, but the road lay in the deep shadow of trees. The carriage-way was forty feet broad, of which a width of about eighteen feet in the middle was macadamized. The plaintiff rode on the macadam, a little to the left of the centre line, her companion being behind at her right. When she came to a smooth piece of road having a descent of about four feet in a hundred, being an experienced rider, she coasted. Presently she saw, about three hundred feet ahead, two red lights, one in the middle of the road and the other a few feet to the right of it. Knowing that they indicated danger, she pressed her foot against the tire of her wheel as a brake and checked her speed. After riding thus for something over two hundred feet, discerning no obstruction on the left side of the road and concluding that the danger was between the lights, she resumed coasting and almost immediately went into a trench at a point a little to the left of the centre of the highway. The trench had been lawfully dug by the defendant company for the purpose of laying a water-pipe, and the dirt had been thrown out on the lower side. It extended entirely across the avenue, and over it, between the points marked by the lights, a temporary bridge for the passage of vehicles had been placed, but there was no other covering, barrier or warning to secure the safety of travelers. The uncontradicted testimony was that, according to the customary mode of giving notice at night of obstructions in highways, two red lights in the road would indicate the extremities of the danger.

On this state of facts, with evidence of some other circumstances favorable to the defendant which need not now be noticed, because they were in dispute, the plaintiff recovered damages for the injuries received by falling into the trench, and the defendant seeks to reverse the judgment.

There are three assignments of error—the *first*, for the refusal of the trial court to nonsuit the plaintiff at the close of her case; the *third*, for the refusal to direct a verdict for the defendant on the whole evidence; and the *second*, for the

admission of some testimony offered by the plaintiff. The first and third assignments may be considered together.

To support the claim for a nonsuit or a verdict, the defendant insists that the evidence failed beyond controversy to show negligence in the defendant, or established beyond dispute the contributory negligence of the plaintiff.

We do not concur in either view.

When the defendant had rendered one-half of the highway absolutely impassable for vehicles its duty was to exercise reasonable care and prudence to notify travelers of that fact, and there is no rule of law which declares, nor must reason necessarily conclude, that this duty was fulfilled when at night two red lights were put at the extremities of that part of the road which was safe. It was for the jury to determine whether some further signal or barrier was not reasonably requisite to apprise travelers of the place of danger.

The question as to plaintiff's contributory negligence is a more serious one.

It is plain that, by greater caution, she might have avoided the accident. Less speed, or a position upon the bicycle affording better facilities for stopping or dismounting, might have permitted her to save herself from harm. On the other hand, it is clear that she was not utterly careless. She perceived the lights; she understood their general import and pondered upon and tried to discover their special meaning in that situation; she thought she had done so, and her conclusion accorded with the customary significance of such signals. She was entitled to assume that the road was safe unless there was affirmative evidence of danger, and her deliberate judgment was that no such evidence appeared with respect to the left half of the road. On that judgment she acted, and had it been correct she would have gone on in safety. She did not see the trench nor the pile of dirt beyond it. The deep shadow of the trees concealed them, and she did not learn of their presence until she fell. So that, even if she had been riding very slowly and with her feet upon the pedals she might still have fallen.

Under these conditions, on which tribunal, the judge or the jury, did the law cast the duty of determining whether the degree of care that she exercised was that of reasonable prudence or not?

The law does not attempt to define the requirements of reasonable prudence for the great variety of circumstances presented in litigation, and therefore, in all cases, it must be a question of fact whether reasonable prudence appears. The decision of such questions is generally committed to the jury, and only when reasonable minds cannot, in view of the evidence, differ upon the question, is the judge authorized to pronounce the decision. In the present case the trial judge held that there was room for such a difference and submitted the matter to the jury with appropriate instructions.

We find ourselves unable to conclude that his opinion was erroneous in law. Our own differences admonish us that he was not wrong.

The remaining assignment of error is that the plaintiff was allowed to prove what was the usual practice with respect to placing lights as signals upon obstructions in public roads.

We think this evidence was legally admitted. It bore upon the question of reasonable care in the defendant, not that compliance with the custom would necessarily exonerate, or non-compliance inculpate, the defendant, but that its conduct in that regard would be a material fact for the consideration of the jury. Likewise, it was relevant in passing upon the plaintiff's behavior. If she had ascribed to the signals a meaning contrary to their usual significance, it might have argued less prudence in securing the elements of a reasonable judgment before determining upon her course. Although she did not distinctly swear that she knew the custom, yet her deciding according to it was some indication that she did know it, and so the custom became an important fact for her guidance.

We find no error in the record, and the judgment must be affirmed.

GARRISON, J. (dissenting). The red lights were notice that the highway was not in a safe condition; in what part or in what respect the traveler must ascertain by a reasonable inspection of the roadway, not by drawing inferences based on the supposed significance of the location of the lights. The defendant owed to the plaintiff no further duty than to notify her that there was danger ahead. The plaintiff was thereupon charged with such actual knowledge as a reasonably careful inspection of the road would have given her. She did not inspect the road at all and exercised no care in approaching the place of known danger. The fact that she did this because she ascribed to the notice a meaning that it did not legally bear, was simply a mistake in law upon her part, not a circumstance showing the exercise of caution as a matter of fact.

I am requested by the Chancellor, by Justices Van Syckel and Lippincott and by Judge Vredenburgh to say that they concur in these views.

*For affirmance*—COLLINS, DEPUE, DIXON, LUDLOW, ADAMS, BOGERT, HENDRICKSON. NIXON.   8.

*For reversal*—THE CHANCELLOR, GARRISON, LIPPINCOTT, VAN SYCKEL, VREDENBURGH.   5.