## CITIZENS' GAS & ELECTRIC CO. v. NICHOLSON.

(Circuit Court of Appeals, Eighth Circuit. March 25, 1907.)

### No. 2,391.

1. MUNICIPAL CORPORATIONS—STREETS—EXCAVATIONS—NEGLIGENCE—INJURIES TO TRAVELERS.

In an action for injuries to plaintiff by driving at night against earth piled in the street from an excavation, whether defendant was negligent in failing to properly guard the dirt with lights, and whether plaintiff was also negligent 'n failing to discover the same, held for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1749, 1756.]

2. SAME—USE OF STREET.

Where defendant excavated a street and threw the large part of the dirt on the west side thereof, the fact that plaintiff, while driving along the street in the night, knew or might have readily discovered that the west side of the street was obstructed and dangerous, did not make it negligence per se to use the east side of the street, on which a small portion of the dirt had also been placed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1749.]

3. SAME—ANTECEDENT NEGLIGENCE—PROXIMATE CAUSE.

Plaintiff, a fire department chief, while riding to a fire at night, was thrown from his vehicle, which was driven by a fellow fireman against a pile of freshly excavated earth in the street. The earth from the excavation had been mostly placed on the west side of the street, which had been protected by lights; but because of certain catch-basins a portion of the earth had also been placed on the east side of the street and left unprotected. Held, that the intervening act of the driver in driving against the earth was one which should have been foreseen or reasonably anticipated as a probable consequence of the excavator's failure to guard the dirt,

and hence the latter, and not the intervening act of the driver, was the proximate cause of the injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1666, 1667, 1669, 1671.]

**4. TRIAL—INSTRUCTIONS—APPLICABILITY TO ISSUE.**

Where, in an action for injuries to a traveler at night by his vehicle striking a pile of dirt negligently left unprotected in the street, the only question presented by the evidence was with respect to the excavator's alleged negligence in not taking the proper precaution to warn travelers against the obstruction, an instruction authorizing the jury to consider whether such excavator was negligent in throwing the earth to the east of the street and across the street car track was erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Municipal Corporations, §§ 587, 593.]

In Error to the Circuit Court of the United States for the Southern District of Iowa.

Ralph W. Breckenridge (Emmet Tinley and Charles. J. Greene, on the brief), for plaintiff in error.

George S. Wright (W. H. Hare, on the brief), for defendant in error.

Before VAN DEVANTER and ADAMS, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This was an action to recover for personal injuries, the evidence in which was substantially as follows: The plaintiff, while chief of the fire department of Council Bluffs, Iowa, was being driven rapidly along the east side of First street in the nighttime, in response to an alarm of fire, when the vehicle in which he was riding came in contact with a pile of freshly excavated earth, thereby throwing him out and injuring him. The vehicle was driven by a fellow fireman, who was under the plaintiff's direction and control. During the preceding day the defendant, in the course of altering its gas mains underneath the surface of the street, had excavated a trench lengthwise thereof, and a few feet west of the center, for a distance of 100 or 125 feet. Most of the earth had been thrown to the west, but the presence of two catch-basins near the curb on that side had made it necessary to throw some of the earth to the east across a street car track, which was parallel to and partly over the trench. The vehicle came in contact with the earth thrown to the east. It was piled 2 feet or more high and as near to the street car track as it well could be. There was room between it and the east curb for vehicles to pass, but the passageway was comparatively narrow. As a warning to those who might use the street during the night, the defendant had suspended three lighted red lanterns along the trench at an elevation of two or three feet. Two of these were immediately west of the trench, and one was directly over it. A watchman, with a lighted white lantern, was also stationed at the work; but his location at the moment of the accident is left in doubt, and it is not claimed that he attempted to give any warning as the firemen were approaching. The witnesses differed widely respecting the proximity of the red lanterns to the pile of earth on the east, and

also as to whether or not it and the lanterns could be readily observed. One witness stated that the distance to the nearest of the lanterns was 11 feet, and another said that none of them was in that vicinity. Some of the firemen and others stated that they readily saw the red lights a block or more away, but the plaintiff testified:

"I did not notice any lights as we went up First street. I was looking that night for obstacles in the street."

And his driver testified:

"I did not see anything in the road at the time the accident happened. * * * I did not see any lights, or anything of the kind, on the west side of First street. * * * It was dark so far as I could see it."

Both the plaintiff and his driver had passed along the street the morning before, and had then observed the work of excavation and its location and direction; but it is not certain that any earth had been thrown to the east at that time. It was admitted that the work of excavation was done under a permit properly issued by the city, and there was no claim that the defendant had violated the terms of the permit or any ordinance or statute. The verdict and judgment were for the plaintiff.

It is assigned as error that the court denied a motion by the defendant for a directed verdict in its favor; but, after careful examination of all the evidence, the substance of which has been recited, we are satisfied that it cannot properly be said that there was no substantial evidence of negligence on the part of the defendant, or that there was a conclusive showing of contributory negligence on the part of the plaintiff. Of course, the defendant was not bound absolutely and in every event to keep travelers away from the piles of earth and out of the trench; but it was bound to exercise ordinary care and prudence, to the end that reasonable warning be given of the existence and location of these dangerous obstructions to the usual and customary use of the street, and whether or not this duty was performed was made plainly a question of fact for the jury by the evidence respecting the relative location of the warning lights and the pile of earth with which the vehicle came in contact. Nor was the question of the plaintiff's contributory negligence in a different situation. While he and his driver, like other travelers, were bound to make reasonable use of their senses, and to exercise ordinary care and caution for the protection of themselves and others, they were entitled to assume that the street was in reasonably good condition, save as the contrary was known to them or was discoverable by reasonable use of their senses. The fact, however, that they knew, or might have readily discovered, that the west side of the street was obstructed and dangerous, did not make it negligence per se for them to use the other side; and whether or not, in doing so, they made reasonable use of their senses and exercised the requisite degree of care and caution, was, under the evidence, a question of fact for the jury. Gillespie Co. v. Cumming, 62 N. J. L. 370, 41 Atl. 693, 868; Carswell v. Wilmington, 2 Marv. (Del.) 360, 43 Atl. 169; White v. Boston, 122 Mass. 491.

But it is insisted that, even if there was negligence on the part of the defendant and no negligence on the part of the plaintiff or his

driver, the motion for a directed verdict should have been granted, because the act of driving against the pile of earth, without which the injury would not have occurred, was the independent intervening act of a third person, and in legal acceptation the proximate cause of the injury. The true rule, however, is that when the intervening act, whether that of a third person or otherwise, is one which should have been foreseen or reasonably anticipated, and which in an incidental or subordinate way works out the natural and probable consequence of the antecedent negligence, the latter is deemed the proximate cause of the injury, although it would not have occurred but for the intervening act. Cole v. German Savings & Loan Society, 59 C. C. A. 593, 124 Fed. 113, 63 L. R. A. 416; Demolli v. United States, 75 C. C. A. 365, 368, 144 Fed. 363, 366; Mahar v. Steuer, 170 Mass. 454, 49 N. E. 741; Lane v. Atlantic Works, 111 Mass. 136. In the last case it is said:

"The act of a third person, intervening and contributing a condition neces-sary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise."

If the defendant was negligent in respect of the warning given, it was at least a permissible conclusion from the evidence that acts such as that of the driver, assuming that it was not negligent, should have been foreseen or reasonably anticipated, and that it in an incidental or subordinate way worked out the natural and probable consequence of the defendant's negligence. We think the motion for a directed verdict was properly denied.

In a portion of the charge to the jury it was said very plainly, although not in exact terms, that one of the chief questions presented by the evidence was whether or not the defendant was guilty of negligence in throwing the earth to the east across the street car track. This was excepted to by the defendant, and we think it was error, and was prejudicial. There was no evidence of negligence in respect of the place where the earth was thrown. It was conceded that the defendant was acting under a lawful permit, and there was no claim that the permit, or any ordinance or statute, prescribed what should be done with the excavated earth during the progress of the work. The uncontradicted evidence as to what was actually done was that most of the earth was thrown to the west, where it would work the least interference with the use of the street, and that the presence of two catch-basins upon that side made it necessary to throw the remainder to the east across the street car track. As entirely apposite we quote what was said by the Supreme Court of the state in disapproving a like instruction in the case of the plaintiff's driver (Stevens v. Citizens' Gas & Electric Co. [Iowa] 109 N. W. 1090):

"In explanation of the manner of doing the work we have the testimony of defendant's foreman to the effect that, when the catch-basins were reached, the earth was thrown to the east across the motor track in order to guard against the same getting into, and closing up, the basins. It seems clear that, standing alone, here was not enough to establish negligence. Cities, and public service corporations having the right of entry, are privileged to tear up or obstruct a street, even to the full width thereof, if necessary, in the course

of making public improvements or repairing the same; and it ought not to require discussion or argument to make it clear that the bare exercise of such right may not be distorted into an act of negligence. Indeed, it is in the very nature of things, and hence fundamental, that negligence cannot begin until the limits of right have been overstepped. As there was no law, by statute or ordinance, governing the subject, we must assume that defendant had the right to throw the dirt either way, and, in view of the explanation made by the foreman, most certainly the course here pursued was a reasonable one."

As we view the evidence, the only question which it presented respecting the claimed negligence of the defendant was whether or not the precautions taken by it were such as to convey to travelers, who were making reasonable use of their senses and were in the exercise of ordinary care and caution, a reasonable warning that the use of the portion of the street in which the accident occurred would be attended with danger.

Criticism is made of other portions of the charge, but separate consideration of them is rendered unnecessarry by what has been said.

The judgment is reversed, with a direction to grant a new trial.