WESTERN INV. CO. v. MAYBERRY.

No. 900, Ind. T.   Opinion Filed January 13, 1909.

(99 Pac. 652.)

**APPEAL AND ERROR—Record—Bill of Exceptions Signed After Term.**
A bill of exceptions, signed after the term at which the judgment is rendered, without the consent of parties, or an express order of the court to that effect, made during the term, cannot be considered as a part of the record in the case.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory, at Wagoner; Louis Sulzbacher, Judge.*

Replevin by the Western Investment Company against Harvey A. Mayberry. Judgment for defendant, and plaintiff brings error. Affirmed.

*R. C. Allen* and *J. C. Pinson,* for plaintiff in error.
*Robert F. Blair,* for defendant in error.

KANE, J.   Counsel for plaintiff in error states the point he wishes reviewed in this case as follows:

"In all the assignments of errors presented to this court to pass upon there are only two questions for the court to consider: First. This action being one in replevin, and the plaintiff claiming right of possession by virtue of a chattel mortgage, it contended that the only proof necessary in order to entitle it to recover was that it held a good and valid mortgage conveying the property, and that a part of the indebtedness for which said mortgage was given to secure was past due and unpaid. Second. The plaintiff contends that since A. A. Best & Bro. executed two chattel mortgages, one covering the property in litigation in this action and also other property, and the other only covering other property, A. A. Best & Bro. could not direct the payment of funds derived from sale of porperty included in both mortgages and thereby leave insufficient property to satisfy the indebtedness secured by the other mortgage."

It will be seen at a glance that, in order to review such questions, it would be necessary to make the evidence taken at the trial of the case a part of the record by bill of exceptions. The record shows that on the 25th day of January, 1907, this action was tried to a jury, and a verdict returned in favor of defendant in error. On the 26th day of January, 1907, an order was entered to the effect that the plaintiff moved for a new trial, whereupon the court immediately thereafter adjourned *sine die* without granting any order allowing time within which to make, settle, and sign and file a bill of exceptions. On the 23d day of July, 1907, after a succeeding term of court had expired, the judge, while out of his district at Kansas City, Mo., signed and settled a purported bill of exceptions without the knowledge or consent of the defendant in error, which purported bill of exceptions was afterwards filed of record in the court below and is now in this court purporting to be a part of the record in said cause. We are of the opinion that the judge was without power to sign and settle the bill of exceptions. The authorities seem to universally hold that a bill of exceptions allowed by a judge in vacation, and after the term of court at which the judgment was rendered had expired, and after the succeeding term of court had expired, forms no part of the record and cannot be considered

by the Supreme Court. *Watson v. Watson*, 53 Ark. 415, 14 S. W. 622; *Davies v. Nichols*, 52 Ark. 554, 13 S. W. 129; *M., K. & T. Ry. Co. v. Russell*, 60 Fed. 501, 9 C. C. A. 108; *G., C. & S. F. Ry. Co. v. Jackson*, 64 Fed. 79. 12 C. C. A. 47.

In *M., K. & T. Ry. Co. v. Russell*, *supra*, which was appealed from the United States court at South McAlester to the United States Circuit Court of Appeals for the Eighth circuit, Judge Thayer, who wrote the opinion of the court, says:

"In *Muller v. Ehlers*, 91 U. S. 249, 23 L. Ed. 319, it was decided that, save under very extraordinary circumstances, a bill of exceptions, signed after the term at which the judgment is rendered, without the consent of parties, or an express order of the court to that effect, made during the term, cannot be considered as a part of the record in the case."

In discussing the same question in *Michigan Insurance Bank v. Eldred*, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162, Mr. Justice Gray says:

"By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties; and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end."

The foregoing cases seem to stand directly in the way of the questions raised by counsel for plaintiff in error being examined in this court.

The judgment of the court below must therefore be affirmed.

All the Justices concur.