### O. J. MOORE GROCER CO. v. PACIFIC RICE MILLS.*

(Circuit Court of Appeals, Eighth Circuit. February 21, 1924.)

No. 6264

1. **Exceptions, bill of** �köçó36(3)—**May be presented at term where motion for new trial is determined.**

A bill of exceptions is presented in time, if presented for allowance at the term when the motion for new trial is determined, though that term is subsequent to the term at which the judgment is entered, if the motion for new trial was filed at the trial term, and the hearing of it was continued by the court to the subsequent term.

2. **Appeal and error** ⊃237(5)—**Portion of charge may be excepted to, and reviewed, for want of applicability to the evidence.**

A portion of a charge may properly be excepted to, and reviewed, on the ground that there was no evidence on which it could be based, and a motion for directed verdict is not necessary or appropriate to such review.

3. **Trial** ⊃252(13)—**Instruction based on assumed evidence held erroneous.**

Where it was a vital issue in a case whether defendant, as buyer, accepted a proposed modification of the contract of sale, it was error to charge that, if it had knowledge of a letter written by its brokers assenting to the modification, it was bound by the modified contract, where there was no evidence that it had such knowledge.

In Error to the District Court of the United States for the Northern District of Iowa; George C. Scott, Judge.

Action at law by the Pacific Rice Mills against the O. J. Moore Grocer Company. Judgment for plaintiff, and defendant brings error. Reversed, and new trial awarded.

Henderson, Fribourg & Hatfield, of Sioux City, Iowa, for plaintiff in error.

Jepson, Struble, Anderson & Sifford, of Sioux City, Iowa, for defendant in error.

Before KENYON, Circuit Judge, and TRIEBER and MUNGER, District Judges.

MUNGER, District Judge. [1] The defendant in error had a verdict and judgment against the plaintiff in error in an action for breach of a contract. The parties will be referred to as they appeared in the trial court. The defendant in error has submitted a motion to strike

the bill of exceptions, because it was not allowed in the time provided by law for that purpose. The verdict was returned and the judgment was entered at the May term of the court. A motion for a new trial was filed during that term. It was overruled at the October term, but the journal entry relating to the overruling of the motion recites that the motion for a new trial was "filed at the last term of this court and continued to the present term." The bill of exceptions was approved by the court at the October term, and on the next day after the overruling of the motion for a new trial. It has long been the rule in this and other circuits that a bill of exceptions is presented in time, if it is presented for allowance at the term at which the motion for a new trial is determined, although that term is subsequent to the term at which the trial was had and the judgment entered, if the motion for a new trial was filed at the trial term, and the hearing of it was continued by the court to a subsequent term. Woods v. Lindvall, 48 Fed. 73, 74, 1 C. C. A. 34; Missouri, K. & T. Ry. Co. v. Russell, 60 Fed. 501, 503, 9 C. C. A. 108; United States v. Carr, 61 Fed. 802, 803, 10 C. C. A. 80; Merchants' Ins. Co. v. Buckner, 98 Fed. 222, 225, 39 C. C. A. 19; Tullis v. Lake Erie & W. R. Co., 105 Fed. 554, 557, 44 C. C. A. 597; Mahoning Valley Ry. Co. v. O'Hara, 196 Fed. 945, 947, 116 C. C. A. 495; Camden Iron Works Co. v. Sater, 223 Fed. 611, 613, 139 C. C. A. 157.

[2] The defendant in error also submitted a motion to dismiss or affirm, upon the ground that the assignments of error only challenge portions of the instructions, because there was no evidence on which such portions of the instructions could be based. The claim is that these questions should have been presented by a motion for a directed verdict, and that the failure to make such a motion precludes consideration of the assignments of error at this time. The exceptions taken to the instructions, as well as the assignments of error, did not undertake to assert that there was no question for the jury to consider, but that there was no evidence to support a portion of the instructions.

It would be manifestly improper to ask for a directed verdict on the whole of the evidence, when the objection is that the instructions erroneously assume that there is evidence that supports a part of them. It was a proper mode of taking exceptions to the charge, to call the attention of the court to the absence as to a particular fact or facts, when the charge assumed that there was evidence to such fact or facts. The motions of the defendant in error must therefore be overruled.

In the assignments of error presented by the plaintiff in error the only complaint made is of the giving of certain instructions to the jury. The plaintiff, located at San Francisco, sold sugar at wholesale. The defendant, located at Sioux City, Iowa, was engaged in the wholesale grocery business. At the time of the transaction now in question, the plaintiff was engaged in importing sugar from Asiatic countries, and in the month of May, 1920, it had a consignment of Javanese sugar coming to it by way of Japan. The petition alleged a contract of sale made by the plaintiff on or about May 25, 1920, acting through San Francisco brokers, with the defendant, acting through Sioux City brokers, for 150 tons of Java white sugar at 24 cents a pound, duty paid, free on board cars at San Francisco, Cal., to be packed in bags

of 100 pounds or 100 kilos, cash on delivery at Sioux City, letter of credit to be established and payment of draft for $72,000, with bill of lading attached, to be guaranteed by a Sioux City bank, and the petition sets forth telegrams and letters which are alleged to constitute the contract. The defendant denied making the contract of sale with the plaintiff, denied that the Sioux City brokers acted as its agents, and alleged that the Sioux City brokers never had authority to report the sale of the sugar to the defendant, except under an agreement that it should be delivered in bags containing 100 pounds each. It appears that the first proposal was a telegram from the San Francisco brokers to the Sioux City brokers. It offered, subject to confirmation, "one hundred fifty tons May June ninety-eight minimum at twenty-four cents f. o. b. San Francisco, net oriental weights." The evidence shows that on the next day the Sioux City brokers informed the defendant's purchasing agent, called the buyer, of the contents of this telegram, and in the afternoon this buyer said he would buy the sugar, 150 tons, at 24 cents. The Sioux City brokers on the same day wired to the San Francisco brokers as follows:

"As per your wire of the 22d inst. Moore 150 tons Java white sugar May June shipment 24 San Francisco net oriental weights."

On May 24th the San Francisco brokers telegraphed to the Sioux City brokers a proposal, which was partly an acceptance and partly a new offer, as follows:

"We accept Moore's order hundred and fifty short tons Java white granulated sugar, packed in hundred pound bags May June shipment from Japan at twenty-four cents, duty paid f. o. b. cars San Francisco net oriental weights letter credit to be established immediately seller's cable does not state polarization but considering description every reason to believe it ninety-eight or better. This business subject your confirmation by eleven to-morrow."

There is no testimony that the contents of the telegram were communicated to the defendant. The Sioux City brokers on May 25th telegraphed the San Francisco brokers, "As per your wire 24th Moore accepts." On May 25th the San Francisco brokers sent another telegram, offered in evidence as Exhibit E., which reads as follows:

"Moore open credit in bank for Pacific Rice Mills San Francisco cannot guarantee bags uniform weight of 100 pounds possibly bags 100 kilos if we do not hear from you at once by wire will consider this satisfactory. Can you sell additional?"

It was stipulated that 100 kilos is equivalent to 220.46 pounds. The witnesses for plaintiff and defendant disagree whether this telegram was shown to the defendant's buyer, but there was some discussion between the defendant's buyer and the Sioux City brokers' agent at that time, and an inference can be drawn that they discussed the meaning of the expression "100 kilos," without knowing what it signified, and that each believed that it meant approximately 100 pounds, although the buyer's testimony denies knowledge of any suggestion until many days afterward, that it was proposed that the sugar would arrive in bags containing 100 kilos.

[3] The Sioux City brokers on May 25th sent to the brokers at San Francisco a letter, which was introduced in evidence as Exhibit F. It said:

"We acknowledge receipt of your telegram of May 25th as per confirmation inclosed. This is to advise that the O. J. Moore Grocer Company will open letter of credit in favor of the Pacific Rice Mills, San Francisco, and it will be satisfactory to them to accept, if 100 kilo bags."

The plaintiff in error excepted to a portion of the instructions of the court which related to this Exhibit F, which reads as follows:

"Now, with respect to this telegram, Exhibit E, attached to the plaintiff's petition, dated May 25th, and stating, 'Cannot guarantee bags uniform weight of one hundred pounds possibly bags 100 kilos,' and with respect to the letter of the same date, Exhibit F, attached to the petition, in which it is stated it would be satisfactory to them to accept, if in 100 kilo bags, you are instructed that, if this telegram was in fact shown to the purchasing agent of the defendant O. J. Moore Grocer Company, and if the defendant knew, through its purchasing agent, of the sending of the letter, Exhibit F, then that would constitute a contract between the plaintiff and the defendant for the purchase and sale of this sugar."

And the ground of challenge of this portion of the charge was that there was no evidence that the defendant through its purchasing agent knew of the sending of the letter, Exhibit F. An assignment of error also challenges the giving of this portion of the instructions. The evidence shows that Exhibit F was written and sent by the representative of the Sioux City brokers, after the time when he says he had shown Exhibit E to the buyer. As a witness, he explained that he sent it, because it was his "understanding with the buyer that it possibly would be acceptable" if the bags weighed a little less than 100 pounds, and it was presumed that 100 kilos meant a little more or less than 100 pounds, but there was no testimony on behalf of the plaintiff that the defendant's buyer saw or knew of the sending of Exhibit F at any time. The testimony does not show that the subject of sending Exhibit F, or any other answer to Exhibit E, was discussed or suggested in any conversation with the defendant's purchasing agent. On the contrary, the evidence of the purchasing agent was undisputed to the effect that he knew nothing about the letter, Exhibit F.

While there were other important issues, it was a vital question, as the case was submitted to the jury, whether or not the defendant knew, through its purchasing agent, of the sending of this letter, Exhibit F, which purported to be an acceptance of the new proposal that the sugar might be in sacks containing about 224 pounds, instead of in sacks containing 100 pounds, as had been stated in the prior negotiations. It was shown that the custom of the trade was such that a wholesaler of sugar at Sioux City could readily dispose of sugar in sacks containing 100 pounds, but ordinarily could not dispose of sugar in sacks containing 100 kilograms, without repacking it into sacks of the standard size containing 100 pounds. The effect of the instruction was a permission to the jury to find against the defendant upon a material issue, when there was no evidence to support such a finding. It is error to instruct the jury on assumed facts of which there is no evidence (Railroad Co. v. Houston, 95 U. S. 697, 703, 24 L. Ed. 542; Clarke v. Knownslar, 10 Pet. 657, 659, 9 L. Ed. 571; Citizens' Gas & Electric Co. v. Nicholson, 152 Fed. 389, 392, 81 C. C. A. 515; James

Stewart & Co. v. Newby [C. C. A.] 266 Fed. 287, 292), and the judgment must be reversed for that reason.

There are other questions presented by the assignments of error, but, as the same questions may not arise upon another trial, it is not necessary to decide them.

The judgment will be reversed, and a new trial awarded.