**WAINER et al. v. UNITED STATES.** *
No. 6035.

Circuit Court of Appeals, Seventh Circuit.
Jan. 6, 1937.

*Writ of certiorari denied 57 S. Ct. 511, 81 L. Ed. ——.

78

A. M. Fitzgerald, of Springfield, Ill.,. and John E. Dougherty, of Peoria, Ill., for appellants.

Howard L. Doyle, of Springfield, Ill.,. for the United States.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellants were convicted upon an in-- dictment charging conspiracy to commit of-- fenses against the United States, including,. (a) carrying on illegally the business of dis- tilling, with intent to defraud the United' States of the taxes on distilled spirits; (b) .defrauding and attempting to defraud the· United States of such tax; (c) depositing and concealing distilled spirits upon which the tax had not been paid, with intent to defraud the United States; (d) feloniously transporting, and causing to be transported, distilled spirits in containers without reve- nue stamps affixed thereto; (e) possessing distilled spirits in containers without stamps; (f) removing and aiding in the re- moval of distilled spirits, upon which the· tax had not been paid, to places other than bonded warehouses. Some thirty overt acts were charged. During the course of the trial certain defendants were discharged by the court and others by the jury. As to appellants the jury returned verdicts of guilty and the sentences followed.

Appellants perfected their appeal on September 16, 1936. The assignment of errors then filed alleged that the indict- ment was insufficient; that the court erred,. (a) in overruling motions to quash the in- dictment and demurrers thereto; (b) in the admission of certain testimony; (c) in failing to direct a verdict of not guilty; (d) in failing to sustain motions for new trial and in arrest of judgment and in im-, posing judgment.

From the transcript and pleadings filed herein, it appears that the District Court on October 7, 1936, extended the time for filing bill of exceptions to November 15, 1936. After the expiration of thirty days: from the entry of the order of appeal, on.

November 10, 1936, the court entered an order further extending the time for filing bill of exceptions from November 15, 1936, to include December 15, 1936.

Rule 9 of the rules promulgated by the Supreme Court May 7, 1934, 28 U.S.C. A. following section 723a, 292 U.S. 664, provides that bills of exception shall be filed within thirty days from the date of the appeal or within a further time fixed by the court within said period. It reads as follows:

"In cases other than those described in Rule VIII, the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in addition to those shown by the clerk's record as described in Rule VIII."

The rule is silent as to any jurisdiction to enter any order after the expiration of thirty days from the date of the appeal. It was adopted by the Supreme Court in pursuance of statute authorizing such action (28 U.S.C.A. § 723a), and, consequently, has the full force and effect of statutory law. Thus, in Gallagher v. United States, 82 F. (2d) 721, 722, in dealing with a similar situation, the Circuit Court of Appeals for the Eighth Circuit said:

"The object and purpose of the grant of power by the Congress to the Supreme Court to make the rules, and the purpose and intent of the rules themselves, were to expedite the hearing of criminal cases on appeal, and in our opinion it is the plain duty of the courts to enforce these rules, so that the purpose of the Congress may be carried out. For if this duty is not done by the courts, the passage of the statute (28 U.S.C.A. § 723a) and the adoption of the rules will have been vain and futile acts.

"It follows that the bill of exceptions, to which reference is necessary in the review of each and all of the errors charged, having been untimely filed, may not be considered."

The same court in Wolpa v. United States, 84 F.(2d) 829, 830 (certiorari denied Jan. 4, 1937, 57 S.Ct. 317, 81 L.Ed. ——) said:

"The rule has the same force and effect as federal statutes, Gallagher v. United States (C.C.A.8) 82 F.(2d) 721; Fewox v. United States (C.C.A.5) 77 F.(2d) 699, 700,

and neither this court nor the District Court has power to alter or amend it. * * * The attempt in the order to reserve jurisdiction to make another order after the 30 days had expired fixing the time within which the bill might be settled and filed was futile. If that may be done the purpose of the rule may be completely defeated. If one such order can be made after 30 days, there is no apparent reason why any number of such subsequent orders may not be made."

In Yep v. United States, 81 F.(2d) 637, 638, the Circuit Court of Appeals for the Tenth Circuit said:

"One object of the new rules in criminal cases regulating practice and procedure after verdict or plea of guilty, is to expedite the disposition of criminal cases on appeal.

"The second order of extension was not entered within the thirty days after the appeal was taken and was ineffectual.

"The assignments of error and the bill of exceptions were not filed with the clerk of the trial court within thirty days after the taking of the appeal, nor within a further time fixed within said period by the trial court, and were therefore filed out of time and should be stricken."

In Fewox v. United States, 77 F.(2d) 699, 700, the Circuit Court of Appeals for the Fifth Circuit said: "The time limits fixed by the rules are jurisdictional just as those formerly fixed by statute were."

A case almost parallel to this is Cusamano v. United States, 85 F.(2d) 132 (C. C.A.8). See, also, White v. United States, 80 F.(2d) 515 (C.C.A.4); United States v. Adamowicz, 82 F.(2d) 288 (C.C.A.2); United States v. Fierman (D.C.) 13 F. Supp. 774.

These decisions correctly interpret the limitations of the rule as jurisdictional and are in accord with the reasoning of the Supreme Court in previous cases holding that a bill of exceptions not filed at the trial term or within any time for which the term was extended for that purpose is invalid and cannot be considered. Morse v. Anderson, 150 U.S. 156, 14 S.Ct. 43, 37 L. Ed. 1037; Muller v. Ehlers, 91 U.S. 249, 23 L.Ed. 319; City of Harper, Kan. v. Daniels (C.C.A.) 211 F. 57; Robertson v. Cockrell (C.C.A.) 209 F. 843; Miller v. Morgan (C. C.A.) 67 F. 82; United States v. Jones, 149 U.S. 262, 13 S.Ct. 840, 37 L.Ed. 726. In the rules the Supreme Court has substituted for the trial term a period of thirty

**80**

days, and orders entered after the expiration of that time are beyond the jurisdiction of the court. Hence, the order of November 10th extending the time for filing bill of exceptions to December 15th was void and ineffectual because beyond the court's jurisdiction.

Appellants argue, however, that by stipulation of the parties or by estoppel the filing of the bill of exceptions beyond the time allowed may satisfy the requirements. Such a contention does violence to logic, for, if the requirements of the rules are jurisdictional, neither the consent of the parties nor any act of the United States Attorney or of the Government is effective. Consent of the parties cannot give jurisdiction to courts. Pittsburgh, C. & St. L. Railway v. Ramsey, 22 Wall. 322, 22 L.Ed. 823; Chapin v. Irwin (D.C.) 281 F. 831; U. S. v. Adamowicz, 82 F.(2d) 288 (C.C.A.2).

It follows that there is and can be no bill of exceptions, and that this court must determine this cause upon such issues as arise upon the face of the record.

A bill of exceptions is essential to review rulings upon motions, oral or written (Pauchet v. Bujac [C.C.A.] 281 F. 962; Ana Maria Sugar Co. v. Quinones [C.C.A.] 251 F. 499; Chicago G. W. R. Co. v. Le Valley [C.C.A.] 233 F. 384); including motions for continuance (Patterson Oil Co. v. Brodhead [C.C.A.] 2 F.(2d) 598); for bills of particulars (Ghost v. U. S. [C.C.A.] 168 F. 841); to strike out pleadings; to elect between counts pleaded (Barrett v. U. S., 169 U.S. 218, 18 S.Ct. 327, 42 L.Ed. 723); for new trial, as matter of right and law (Rossi v. U. S. [C.C.A.] 278 F. 349); and to review rulings upon the admission or exclusion of evidence (Hanson v. Cole [C.C.A.] 266 F. 67); alleged errors in giving improper instructions or refusing to grant proper instructions (Knight v. Ill. Cent. Ry. Co. [C.C.A.] 180 F. 368); (Chicago G. W. R. Co. v. Le Valley [C.C.A.] 233 F. 384); and objections that the verdict and judgment are without basis in evidence (Knight v. I. C. Ry. Co. supra).

It follows that in the absence of a bill of exceptions this court is without jurisdiction to consider any assignments of error included in the record except that charging that the indictment fails sufficiently to inform appellants of the nature of the accusations against them, and of the time, place, and circumstances involved.

The indictment follows the usual form of conspiracy to commit offenses against the United States, as defined by the Act of Congress, 18 U.S.Code, § 88 (18 U.S.C.A. § 88). It includes specific allegations as to persons, time, place, and events. We think it complies fully with the requirements of an indictment as to intent and certainty and in giving to the accused sufficient information to advise them fully of just what is charged. Mark Yick Hee v. U. S., 223 F. 732 (C.C.A.2); Simpson v. U. S., 289 F. 188 (C.C.A.9), certiorari denied 263 U.S. 707, 44 S.Ct. 35, 68 L.Ed. 517; Wright v. U. S., 108 F. 805 (C.C.A.5), certiorari denied 181 U.S. 620, 21 S.Ct. 924, 45 L.Ed. 1031; Firth v. U. S., 253 F. 36 (C.C.A.4); Williamson v. U. S., 207 U.S. 425, 28 S.Ct. 163, 52 L.Ed. 278; Jelke v. U. S., 255 F. 264 (C.C.A.7); Crawford v. U. S., 212 U. S. 183, 29 S.Ct. 260, 53 L.Ed. 465, 15 Ann. Cas. 392; Preeman v. U. S., 244 F. 1 (C. C.A.7).

But it is urged that the indictment is improperly based upon laws having to do with the payment of internal revenue, at a time when the prohibition law was still in full force and effect, and that to preserve the liabilities provided under the revenue laws during prohibition, as Congress did in the Willis-Campbell Act, § 5, 27 U.S.C. § 3 (27 U.S.C.A. § 3), is unconstitutional. This specific contention was recently considered and denied by the Supreme Court in Wainer et al. v. U. S., 57 S.Ct. 79, 80, 81 L.Ed. ——, decided November 9, 1936. All substantial questions raised by appellants with regard to the validity of the indictment are fully answered in that decision. The court said: "Many of the existing revenue acts imposing taxes in respect of manufacture and sale of intoxicating liquors were superseded by the National Prohibition Act. The effect of section 5 of the Willis-Campbell Act was to re-enact all such laws in existence when national prohibition became effective, save such as were in direct conflict with any provision of the National Prohibition Act or the Willis-Campbell Act. The statutes taxing the business of conducting a wholesale liquor business and imposing the penalties for so doing without the payment of the tax were not in direct conflict with the prohibition act and were, therefore, re-enacted. The difficulty of paying the excise upon the privilege of carrying on a business which is prohibited does not preclude the prescription of sanctions for nonpayment. Peti-

tioners insist it is a contradiction in terms to say the laws of the United States at the same time prohibit and license an occupation. The contention is based on misconception of the nature of the exaction. The United States has not licensed the liquor business but, as clearly within its power, has laid an excise upon the doing of the business whether lawfully or unlawfully conducted."

The assignment of error based upon denial of the motion in arrest of judgment can rest only upon one question, that is, the legality of the proceedings on the face of the record, including the validity of the indictment. We have examined the record. We find the indictment valid. We find the proceedings and judgment in accord with the law. We are powerless to reverse even though we wished to do so. The judgment of the District Court is affirmed.