## WILLCOX v. UNITED STATES.
### No. 8886.

Circuit Court of Appeals, Fifth Circuit.

Jan. 18, 1939.

Alvan B. Rowe, of Palmetto, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., and Geo. P. Raney, Jr., Asst. U. S. Atty., both of Tampa, Fla.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Philip Austin Willcox, appellant, brought suit against the United States of America, appellee, for total permanent disability benefits on three contracts of converted United States Government life insurance. Willcox claimed maturity of these contracts because of alleged total permanent disability occurring on December 1, 1927.

Appellant's petition was filed on September 2, 1933. On November 10, 1937, the case was tried to a jury which returned a verdict for the United States. Final judgment in favor of the United States was entered on January 5, 1938.

Petition for appeal, assignments of error, and a proposed bill of exceptions were filed on April 2, 1938. On May 25, 1938, the court below declined to settle the bill of exceptions on the ground that "said proposed bill of exceptions was not presented to the Court until after the expiration of the February 1937 term of this Court, * * * nor until after forty days extension provided by Rule 26 had expired, and no order of this Court was ever entered in said cause extending the said term of Court or the time for presentment and settlement and signing of bill of exceptions."

General Rule 26 under which the lower court declined to settle the bill of exceptions is as follows: "In all cases a delay of 40 days is granted, regardless of the ending of the trial term, from the day a judgment appealed from is entered or a motion for a new trial is overruled, whichever date is later, for the preparation and presentation of bills of exception; Provided, said period may be restricted or enlarged by special order of the court during said period, in which case this rule shall have no application."

The proposed bill of exceptions was filed after the expiration of the 40 day extension period allowed by Rule 26. We find no order enlarging that period. The settlement of the bill of exceptions was, therefore, properly denied by the district judge.

Jurisdiction not having been retained by proper order, the trial judge was without authority to settle and sign the bill of exceptions after the expiration of the trial term and after the expiration of the extension of 40 days given by Rule 26. Gillette et al. v. United States, 5 Cir., 57 F.2d 862, 863; United States v. Seale, 5 Cir., 45 F.2d 394; Jennings v. Philadelphia, Baltimore & Washington Railway Co., 218 U.S. 255, 31 S.Ct. 1, 54 L.Ed.

1031; United States v. Jones, 149 U.S. 262, 13 S.Ct. 840, 37 L.Ed. 726.

We find no error upon the portion of the record properly before us.

The judgment is affirmed.